# ISAAC SHAVER v. HUGH M. MURDOCK AND GEORGE STILWELL.

LIEN OF SUBCONTRACTORS AND MATERIAL-MEN UNDER ACT OF 1862.—The lien which may be secured to subcontractors, laborers, and material-men through the original contractor, by a compliance on their part with the provisions of the Act of 1862 in relation to liens of mechanics and others, (Stats. 1862, p. 384,) must be determined and controlled by the terms of the original contract between the owner of the property and the original contractor. Of the existence of such original contract, and its terms, said lienholders are presumed to have notice, and to have taken subcontracts, contributed labor, and furnished materials in furtherance of the work in strict subordination to its terms, and their right to be secured therefor, by way of their said lien, to the extent of the money to

become due the original contractor under such contract, cannot be divested or impaired by any subsequent agreement made between the owner and original contractor without their consent or timely notice thereof to them.

IDEM—CONSTRUCTION OF BUILDING CONTRACT.—A contract was entered into between M. and S. for the building of a house by M. for S., according to specifications, in consideration of a gross sum, in installments, all of which were to be paid as the work progressed, except the last, consisting of the sum of one thousand dollars, which was to be paid on the completion of the house. The contract contained certain provisions for deviations by M. from the specifications of the contract as the work progressed, to be made at the request of S., and among others, for "omissions from said contract," which "shall in no manner affect or make void the contract," but shall be deducted from said contract price by a fair and reasonable valuation : Held, first, that obviously said "omissions" were intended to be limited to things which, upon the conditions specified, might be entirely left out of the building, and did not extend to anything within said specifications which the owner might elect to take off the contractor's hands and perform or finish himself; second, that as against the plaintiff, who, as a material-man, under the provisions of the Act of 1862 in relation to the liens of mechanics and others, (Stats. 1862, p. 384,) was seeking to enforce a lien on said building for materials furnished in its construction, the Court erred in permitting S., for the purpose of defeating said lien, to introduce evidence of a subsequent agreement between M. and S., which, as far as appears, was unknown to the plaintiff, by which S., in consideration of a deduction of two hundred dollars made by M. from said contract price, agreed to perform certain of the specified work in the completion of the building, and released M. from his contract obligation to perform the same; and third, that said subsequent agreement was new and substantive in its character, and if made without notice to plaintiff before his interests as a material-man could be affected thereby, was, as against him, fraudulent and void, under the tenth section of said Act.

APPEAL from the District Court, Seventh Judicial District, Marin County.

The defendant Stilwell set up in defense that he had paid defendant Murdock in full of his building contract before he was notified of the plaintiff's claim in suit.

In the Court below judgment passed for defendant Stilwell, and the plaintiff appealed.

The other facts are stated in the opinion of the Court.

*E. B. Mahon*, for Appellant.

*Bradley Hall*, for Respondent.

By the Court, SPRAGUE, J.:

This was an action to enforce a lien of a material-man claimed under the Act in relation to liens of mechanics and others, passed April 26th, 1862, (Stats. 1862, p. 384,) and the appeal is from the judgment, upon the judgment roll, a statement on appeal with an assignment of errors claimed to have been committed by the Court in admitting and excluding evidence on the trial against plaintiff's objections and offers.

As appears from the pleadings, defendants Stilwell and Murdock, on the 9th of January, 1867, entered into a written agreement, by the terms of which Murdock undertook to furnish all the materials, and construct a dwelling house for Stilwell, at San Rafael, Marin County, for the sum of two thousand seven hundred and fifty-three dollars, to be paid by Stillwell in installments, as follows:

"1st. When the framework was up, roof on, and sides inclosed, and the chimneys were through the roof, and window frames set, and openings closed temporarily necessary to exclude wet, one thousand dollars.

"2d. When the stairs were built, brown mortar on, verandah built, and one coat of paint on, and the outside joiner work done, or their equivalent, the sum of seven hundred and fifty-three dollars.

"3d. When all the works are [were] completed according to plans and specifications, the sum of one thousand dollars."

The main issues tendered by the pleadings, and to which the evidence on the trial seems to have been directed, are as to whether by the terms of the contract the last payment of one thousand dollars was prematurely made by Stilwell to Murdock, and whether the original contract was changed by subsequent agreement of the parties thereto, and if so, whether plaintiff had notice of such change in time to protect his interests thereby affected.

The contract is attached to and made a part of the answer of defendant Stilwell, by which it appears the plans and specifications were attached to and made a part of the original contract.

The third subdivision of the second paragraph of the contract reads as follows:

"Third—Should the owner at any time during the progress of said building request any alteration, deviations, additions, or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but it will be added to or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation."

It appears by the answer of Stilwell that on the 10th of May, 1867, Murdock had finished the building in accordance with the plans and specifications attached to the contract, except two coats of painting on the outside work, one coat on the inside, and the varnishing and graining, which final work was withdrawn from the contractor, and Stilwell subsequently procured other parties to do the same, in accordance with an agreement previously made between Murdock and Stilwell; that in pursuance of such agreement, the final payment of one thousand dollars was made on the 10th of May, 1867, to Murdock, less two hundred dollars agreed to be deducted therefrom in consideration of the withdrawn painting, which subsequently, between the tenth and twenty-fifth of May, was done by other persons in the employ of Stilwell.

During the progress of the trial plaintiff offered to prove by the testimony of contractors, builders, and mechanics, that the word "omission" used in the third subdivision of the second paragraph of the original contract set out in the answer of defendant Stilwell, according to the custom and usage of carpenters and builders, means something which is to be entirely left out of the building, and not to be put

there by the contractor or owner, and that it does not mean something which the owner may take off the contractor's hands and perform or finish himself.

This testimony was objected to by defendant Stilwell, which objection was sustained by the Court, to which ruling the plaintiff duly excepted.

The terms of this subdivision of the original contract, when read in connection with other provisions of the same contract, are plain and simple, and the language, employed in its ordinary sense, most clearly leads to the construction claimed by plaintiff without the aid of extrinsic evidence; hence the rejection of evidence tending to explain the simple meaning of a term, or render more apparent the construction of a sentence which was already sufficiently clear, was not error.

During the further progress of the trial defendant Stilwell offered in evidence the following paper: " San Rafael, April 10th, 1867.　G. W. Stilwell: As you wish to withdraw a portion of the painting from the contract for building your house here, I will deduct two hundred dollars from the contract price on condition that after I have given all the work inside and out one coat, you will finish. (Signed.)　H. M. Murdock." (Indorsed.)　"I have accepted the within proposition.　April, 1867.　Geo. W. Stilwell."

Plaintiff objected to the admission of this evidence "on the ground that it is not indorsed on or attached to the original contract, and that no proof has been offered that plaintiff had any knowledge of it."　The Court overruled the objection and admitted the evidence, to which ruling plaintiff excepted.

This ruling was erroneous, as plaintiff's right of lien could not be affected by this new contract between the contractor and owner, changing the terms of the original contract, without timely notice to him of such change.　The Court also erred in sustaining defendant Stilwell's objections to evi-

dence offered by plaintiff tending to prove that he had no notice of any change in the terms of the original contract.

Upon a compliance on their part with the terms of the statute above referred to, the right of a subcontractor, laborer, or material-man to the lien which, through the original contractor, inures primarily to the benefit of persons in that relation, must be determined and controlled by the terms of the original contract between the owner and original contractor. All such persons are presumed to have notice of the existence of such contract, a knowledge of its terms and the rights and obligations of the parties thereto, and to have taken subcontracts, contributed labor, and furnished materials in furtherance of the work in strict subordination to such terms, relative rights, and obligations. And the parties to such contract, as well the owner as the original contractor, are equally presumed and bound to know that, with reference to the entire work embraced in the original contract, persons occupying thereto the relation of subcontractors, laborers, or material-men possess an interest in the money to become due the original contractor from the owner under such contract, with the right and privilege under the statute of securing and enforcing a lien upon the structure and premises to the extent of such interest, which no *subsequent* agreement or acts of the parties to the original contract can, without timely notice to or consent of such third parties, impair or divest. (*Bowen* v. *Aubry*, 22 Cal. 570; *Dore* v. *Sellers*, 27 Cal. 594; *Davis* v. *Livingston*, 29 Cal. 290.)

The tenth section of the Act reads as follows: "No payment by an original employer to any original contractor or his assigns, made prior to the time when the same shall fall due under the terms of the original contract, shall be valid for the purpose of defeating or discharging any lien created in favor of any workman, laborer, or material-man, but shall be deemed fraudulent and void as against them."

This paper of the 10th of April was a new substantive agreement, not in harmony with, but materially changing

and modifying the terms of the original contract; hence notice to plaintiff, as a material-man, of its existence and terms, was a pertinent fact, and should have been affirmatively established before his interests could be affected thereby, or by any acts authorized by its terms in conflict with the original agreement.

Judgment reversed and cause remanded for further proceedings, and remittitur ordered to issue forthwith.