### ARCHIBALD HENLEY, Respondent, *v.* T. L. WADSWORTH, *et al.*, Appellants.

Lien of Sub-Contractors and Material Men under Act of 1862.—Upon compliance with the terms of the statute, the right of a sub-contractor, laborer or material man to a lien must be determined and controlled by the terms of the original contract between the owner and the original contractor, of the existence of which contract, and of its terms, said persons are presumed to have notice.

Idem.—In the absence of fraud or misrepresentation by the owner, this presumption of full knowledge of the terms of the original contract is conclusive against all sub-contractors, laborers and material men, and they are bound by the terms of the original contract, so far as any claim upon the owner, or right of lien upon his premises under the statute, are concerned.

Idem.—F. agreed to furnish all the work and materials, and to erect a building for W., for the sum of $12,500, payable in instalments, as the work progressed, except the sum of $3,050, which was to be paid within thirty days after the completion and acceptance of the building. After proceeding with the work for some time, and receiving from W. the sum of $10,854, which was $1,404 more than the payments stipulated to be paid prior to the completion of the building, F. abandoned the undertaking, when W. finished the building, at an additional expense of $4,698. A month after the abandonment of F., the plaintiff, a sub-contractor, and others whom he represents, gave notice to W. of their claims against F., as mechanics and material men, and, by suit, sought for the establishment of a lien against the building for the same. *Held,* That the payment in excess, of $1,404, by W. to F., was not to the prejudice of the plaintiff, and that the facts of the case created no lien in favor of the plaintiff, upon the property of W.

Appeal from the District Court of the Sixth District, Sacramento County.

The case is stated in the opinion.

*George Cadwallader*, for Appellants, cited *Blythe* v. *Poulteney*, (31 Cal. 233); *Dore* v. *Sellers*, (27 Cal. 595.)

*Ramage & Smith, A. Compte, Jr.,* and *Thos. C. Edwards,* for Respondents.

SPRAGUE, J., delivered the opinion of the Court:

This is an action by a sub-contractor against the employer and original contractor, to recover the amount due plaintiff as sub-contractor and assignee of other claims due other mechanics and material men from the original contractor, and to enforce the amount so due plaintiff, as a lien upon the premises and superstructure thereon erected, under the Mechanics' Lien Law of April 26, 1862.

On the 26th day of May, 1866, the defendant, T. L. Wadsworth, of the first part, and defendant, Julius Feidler, of the second part, entered into an agreement in writing for the construction of a three-story brick building, with basement, by the party of the second part, for the party of the first part, upon a certain described lot belonging to the party of the first part, in the City of Sacramento, which agreement or contract, in substance, is as follows :

The party of the second part stipulates and agrees to erect and finish a three-story and basement brick building on part of Lot 4, on the north side of K street, between First and Second streets, in the City of Sacramento, for the said party of the first part, the work to be commenced immediately, prosecuted with all due diligence, and completed on or before the 31st day of August, 1866, agreeable to drawings and specifications made by A. A. Bennett, architect, signed by the parties and annexed to the agreement, said building to be finished by the party of the second part within the time aforesaid, to the satisfaction and under the direction of said architect ; said party of the second part to furnish all proper and sufficient materials for completing and finishing all the mason work, stone work, iron work, plaster work, carpenter work, hardware, glazing, plumbing work, gas pipes, painting, roofing, and other work of said building mentioned in the specifications, for the sum of $12,500, in gold coin of the United States, which the party of the first part agreed to pay as follows, to wit :

*First payment*—$2,000, when the brick work is up to the high grade, and the timbers laid.

*Second payment*—$2,000, when the brick walls are up to the second story, and the timbers laid.

*Third payment*—$2,000, when the walls are up to the third story, ready for the roof.

*Fourth payment*—$2,000, when all the floors are laid in the building.

*Fifth payment*—$1,450, when the roof is covered and all the plastering completed.

*Sixth payment*—$3,050 (the balance), to be paid thirty days after the entire building and works are finished and completed, according to the specifications, and accepted as such by the said architect.

The party of the second part, as original contractor, agreed to furnish and provide, at his own proper costs and charges, all manner of materials and labor, scaffolding, implements, molds, models and cartage of every description, for the due performance of the several erections. And it was further stipulated and agreed by and between the parties, that in case the contractor, party of the second part, should at any time during the progress of said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner should have the power to provide the materials and workmen, after three days notice in writing being given, to finish said works, and the expense to be deducted from the amount of the contract. And the party of the second part further agreed to pay to the party of the first part the sum of $10 per day for each and every day that the completion of said works shall be delayed, after the hereinbefore recited time for the completion of the same (rainy days excepted), and the party of the first part should have full power to retain such amount, as liquidated damages, from any money remaining in her hands claimed by said party of the second part.

It appears from the evidence and special findings of facts, as found in the record in this case, that defendant, Feidler, as original contractor under this contract, immediately after its execution, entered upon the performance of its terms on his part, and prosecuted the same until about the 15th of

September, 1866, at which time, and while the building was being finished on the inside, he quit work and abandoned his contract, for the reason, as he states in his testimony, that he found it would cost him about $4,000 more than the contract price to finish the work in accordance with his contract; and that thereafter, on the 6th of October, 1866, the owner, Mrs. Wadsworth, served upon him the written notice required by the terms of the contract in case the contractor should fail, neglect or refuse to furnish the necessary materials and workmen to finish the building, in accordance°with the contract; and after waiting about two weeks from the service of such notice for Fiedler to go on, and after he had refused so to do, the owner, Mrs. Wadsworth, proceeded to finish the building in accordance with the original specifications, at a cost of $4,698 78.

That, at the time defendant, Fiedler, quit work and abandoned his contract, he had been paid thereon $10,854, or $1,404 more than the amount of the first, second, third, fourth and fifth payments stipulated to be paid prior to the completion of the building. It further appears that no subcontractor, material man, mechanic or laborer served upon the owner, Mrs. Wadsworth, any notice of claims against the original contractor until the 15th October, 1866, just one month after the original contractor had quit the work, abandoned his contract, and had been paid every dollar he ever received under his contract, and $1,404 more than he was ever entitled to receive thereunder.

From these facts, it is very clear that at the time of the service upon the owner, Mrs. Wadsworth, of the notices of the several claims against the original contractor, now sought to be enforced as a lien upon the premises, nothing was due the original contractor from the owner upon the contract, nor has anything since become, or likely to become, due him upon such contract.

Disregarding, then, the point made upon the sufficiency of such notices, the controlling question is presented, whether, under the terms of the original contract, any one of the first five instalments were prematurely paid by the owner to the original contractor, to the prejudice of any of the claims now

sought to be enforced. Unless some one, or some portion of these five payments, were made to the original contractor by the employer before they became due by the terms of the original contract, or after notice had been duly served upon the employer, of the existence of the claim against the original contractor by the holder of such claim, clearly the plaintiff has no right of lien upon the premises by virtue of the demands against the original contractor set out in the complaint, and no legal personal claim whatever, on account thereof, against the defendant, Mrs. Wadsworth.

No portion of the sixth, or last payment of $3,050, stipulated by the contract to be paid within thirty days after the completion of the building by the original contractor, ever became, or can become due the original contractor under this contract; hence, the fact that the employer did actually pay $1,404 to the original contractor, in advance, upon the last payment, was in no manner prejudicial to plaintiff or his assignors; this payment simply increased to that extent the aggregate loss of the employer, occasioned by the failure of the original contractor to perform his contract, and placed that much more money in his hands than he ever was, or can become, entitled to, under his contract. There is no evidence tending to establish that the fifth payment of $1,450, or any previous payment, was made before fully due by the terms of the original contract, or that plaintiff, or either of his assignors, served upon the employer the notice required by the fifth section of the Act of 1862, prior to such payment becoming due and being actually made in accordance with the terms of the contract; hence, the evidence entirely fails to support the finding of the Court below, "that the alleged payments by the said defendant, T. L. Wadsworth, to the said defendant, J. Fiedler, were made prematurely and before due under the contract between the said T. L. Wadsworth and J. Fiedler." The record, which purports to contain all the evidence given in the case, fails to disclose a particle of testimony tending to show that at the times of the first, second, third, fourth and fifth payments, the building was not in the required state of advancement to entitle

the contractor to demand these several payments as they were made.

The allegation of plaintiff's complaint, "that before, during, and until after the time of the doing and performing of all said work and labor, and of the furnishing of all the said materials, both himself and the said Ames, Cohen, Cox & Co., Boehme & Lawson, and Treadwell & Co. (plaintiff's assignors), were wholly without notice, and ignorant of the terms and conditions of the said written contract and agreement between the said T. L. Wadsworth and said Fiedler" cannot avail the plaintiff, even if admitted to be substantially and literally true, in the absence of any alleged excuse for such ignorance, or false or fraudulent representations of defendant, Wadsworth, as to the terms of the original contract.

As remarked by this Court in the case of *Shaver* v. *Murdock & Stillwell* (36 Cal. 293), in commenting upon the relative rights of the employer, contractor, material men and laborers, under the Mechanics' Lien Law of 1862, "upon a compliance on their part with the terms of the statute above referred to, the right of a sub-contractor, laborer or material man to the lien, which through the original contractor inures primarily to the benefit of persons in that relation, must be determined and controlled by the terms of the original contract between the owner and the original contractor. All such persons are presumed to have notice of the existence of such contract, a knowledge of its terms and of the rights and obligations of the parties thereto, and to have taken sub-contracts, contributed labor and furnished materials in furtherance of the work, in strict subordination to such terms, relative rights and obligations." And we may now add that, in the absence of fraud or misrepresentations by the owner, for whose benefit the superstructure is being erected, this presumption of full knowledge of the terms of the original contract is conclusive against all sub-contractors, laborers and material men, and they are bound by the terms of the original contract, so far as any claim upon the owner,

or right of lien upon his premises, under the statute, are concerned.

If sub-contractors, material men or laborers furnish materials or labor in the construction of a building or work, relying upon their right of lien under the statute as security for their pay, they must be held to know the terms to which that right is subordinate, and upon which such lien can be secured, and to a strict compliance with these terms.

It follows from these views, without reference to other points made by appellants, that the judgment and order denying a new trial must be reversed, and the cause remanded for a new trial.