## JENSEN et al. *v.* BROWN.

MECHANICS' LIEN — *where materials are furnished to the builder.* A sub-contractor cannot maintain a lien for materials by him furnished and used in a building under the act of 1872, relating to mechanics' liens (9th Sess. 147), unless at the date of notice to the owner of the building of his lien there was something due, or to grow due, from such owner to the contractor, for erecting and constructing such building.

*Of the pleadings in such case.* Where it did not appear in the petition or evidence that any thing was due, or to grow due, from the owner of the building to the contractor, the petition was properly dismissed.

### *Error to Probate Court, Arapahoe County.*

THE petitioners (plaintiffs in error) alleged that they sold certain nails, locks, and other materials, to one Joseph Wood, to be used, and which were used in the erection and construction of a building in the city of Denver, which was owned by the defendant; that Wood contracted with defendant to erect said building, and that the defendant knew that the materials were so used. Other facts necessary to establish a lien, as that notice was served upon the defendant as required by the statute, the amount due, and the like, were alleged in the petition, but it was not alleged that any sum of money was due, or to grow due from the defendant to the said Wood, at the date of notice, or at any time.

The defendant answered, and evidence was taken before a referee, who reported that there was due to complainants, for principal and interest, $122.56. Upon the hearing in

the probate court, the petition was dismissed, and the petitioners sued out this writ of error. The sufficiency of the notice to defendant was discussed.in argument, but as it is not noticed in the opinion, the evidence on that point is omitted.

Mr. W. S. DECKER, for plaintiffs in error.

Messrs. SAYRE, WRIGHT and BUTLER, for defendant in error.

BRAZEE, J.    The question presented by this case is whether a material-man, under the statute of Colorado, approved February 9th, A. D. 1872, furnishing material to a contractor, has a lien upon the building in respect to which the contract is made, and material furnished.

The first section of said act prescribes that "all artisans, mechanics, and others, who shall perform work or labor, or furnish materials to the amount of $25, or more, for the construction or repairing of any building, or other superstructure, shall have and may claim and hold a lien upon such building or superstructure for the amount and value of the work and labor so performed, or materials furnished by each, respectively."

The proviso to the second section of the act enacts : " That when such lien is claimed by a sub-contractor, journeyman, or any other person than a contractor performing work or labor, or furnishing materials, the statement shall be filed within twenty days after the time when the last work or labor was performed, or the last materials furnished," etc.

The third section gives to those who shall perform work or labor or furnish materials to the construction or repair of any railroad, tramway, to all road, canal, water ditch, flume, aqueduct or reservoir, a lien.

The fourth section gives to miners, laborers and others a lien upon the mine, lode or other deposit for the value of the work performed thereon, or materials furnished therefor.

The fifth section gives to laborers who shall perform work or labor upon building lots in cities or towns in improving the same, a lien.

The sixth section of the act expressly gives to every sub-contractor, journeyman or laborer performing work or furnishing materials, a lien upon a superstructure or other property; and if money be due, or is to become due under the contract from the owner, upon the service of notice of claim of lien the owner may withhold a sufficient amount to satisfy the lien claimed, until the validity of the claim be established, and if established, the amount is made a valid set-off *pro tanto* in favor of the owner against the contractor. And after notice to the owner of the claim, etc., in case he fails to comply with the provisions of this section, a personal action is given to the lienor against the owner.

There is no provision in the constitution of the United States, nor in the organic act, which precludes the legislature of the Territory of Colorado from declaring a statutory lien in respect to future contracts in favor of the contractor, sub-contractor or laborer upon the building and premises of the owner for whose benefit services have been performed or materials furnished in erecting his building.

The act of 1872 was in force when the original contract in question was made. Every contract is presumed to have been entered into and executed with reference to existing laws, and subject to such modification in respect to the remedies of the parties as may result from subsequent legislation, if free from constitutional objection. The statute in question is free from such objection, as we think, under the construction which we apply to it.

That it was the intention of the legislature to give a lien, to some extent, by the act under consideration, upon a compliance with its provisions, to all artisans, mechanics and others, who should perform work or labor, or furnish materials to the amount of $25 or more, for the construction of any building upon such building for the value of the work performed or materials furnished, is quite clear.

The extent to which such liens may attach is a question more difficult to answer. Such construction should be given to this act as will be just and equitable to all parties, and we regard it as susceptible of such construction. It would be unjust to the owner to give such a construction as would, under any circumstances, compel him, if acting in good faith, to pay more than the price contracted by him to be paid for the erection of the building, and we, therefore, hold that the rights of sub-contractors, mechanics, laborers and material-men must be determined and controlled in respect to the aggregate amount which the owner may be obligated to pay for the building by the terms of the original contract between the owner and original contractor.

All such persons are presumed to have notice of the existence of such contract, a general knowledge of its terms, and the rights and obligations of the parties thereto, and to have taken sub-contracts, contributed labor and materials in furtherance of the work, in strict subordination to such terms, relative rights and obligations in respect to the amount which the owner may be required to pay under his contract. *Henley* v. *Wadsworth*, 38 Cal. 361. The language of some of the sections preceding the sixth section of the act under consideration is so broad, that, if taken alone, it would give a lien to sub-contractors, and persons contributing labor and materials, for the full amount due them respectively from the contractor, without regard to payment in good faith, without notice of lien, of the full contract price by the owner to the original contractor. Such a construction might, in many cases, work manifest injustice to the owner by compelling him to pay, for the erection of a building, an amount far exceeding the contract price, and far exceeding the value of the building, and might, in this respect, leave the statute open to the objection of impairing the obligation of contracts. We, however, do not think such to be the true construction of the statute under consideration ; but construing the sixth section of the act with the preceding sections, we hold the act to give a lien, when its provisions are complied with, to the sub-contractor and

persons furnishing labor and materials for the value thereof, but not in amount exceeding the balance due, at the time of notice, from the owner to the original contractor; and in case the owner fraudulently fails to comply with the provisions of the sixth section of the act on his part, *i. e.*, fails to withhold from the original contractor the balance due him, or an amount sufficient to satisfy the established claim of the lienor, gives the lienor a right of action against the owner for the amount of the established claim.

This we consider to be a fair construction of the statute, as we glean its intent from the whole act, and believe it to be just and equitable. Under this construction the owner will be protected from paying more than the contract price. Unless he pays the contractor in full after notice, the laborer and material-men may protect their interests and no injustice be done to the contractor.

In the case at bar we find the allegation to be that the materials furnished by the complainants, for the value of which a lien is claimed, were furnished to the contractor at his request. The petition does not allege, the evidence does not show, nor does the referee find, that any thing was due from the owner to the original contractor, at the time of service of notice of claim of lien.

Under the statute with this state of pleadings, proofs and facts, no lien ever did attach or could have attached in the premises.

The petition was, therefore, properly dismissed. Judgment affirmed with costs.

*Affirmed.*