L. C. FROST v. J. A. FALGETTER ET AL., IMPLEADED
WITH HARRIET E. LOOMER, APPELLANT, AND
THOMAS MADDEN ET AL., APPELLEES.

FILED NOVEMBER 18, 1897.     No. 7618.

1. **Mechanics' Liens:** WAIVER: CONTRACT. Where a contractor agrees
   in writing with the owner of real estate to furnish the labor and
   material and erect thereon a building, and in payment for such
   services to accept a conveyance from such owner of certain real
   estate described in said contract, such contractor is not entitled to
   a lien on the real estate on which he erects the improvement, in the
   absence of fraud or a failure of the owner to make the conveyance
   promised.

2. ———: ———: SUBCONTRACTORS. In such case a subcontractor who
   has furnished labor or material to the contractor for such improve-
   ment cannot assert a lien against the owner's real estate.

3. ———: CONTRACTS: SUBCONTRACTORS. The relationship between a
   contractor and an owner rests in contract, express or implied, but
   there is no privity of contract between the subcontractor and the
   owner.

4. ———: ———: ———: CONSTRUCTION OF STATUTE. Section 2, article
   1, chapter 54, Compiled Statutes, construed and *held* (1) to contem-
   plate a contract between the owner of real estate and the con-
   tractor in and by which the former shall pay the latter money for
   erecting an improvement upon such real estate; (2) that the effect
   of a subcontractor complying with such statute is to garnish or im-
   pound money owing to him from the contractor in the hands of the
   owner; (3) that the statute then gives the subcontractor a lien to
   secure the payment of the money so garnished; (4) that, to entitle
   the subcontractor who has complied with the statute to a lien upon
   the owner's real estate, the owner must be indebted in money to
   the contractor and he must be indebted in money to the subcon-
   tractor, and unless these two facts exist the subcontractor is not
   entitled to a lien.

5. ———: ———: ———. Subcontractors are charged with notice of
   the terms of the contract existing between the owner and con-
   tractor, and when in such agreement the contractor stipulates for
   payment in something besides money subcontractors fu ː sh him
   labor and material at their peril.

6. ———: ———: ———: LIABILITY OF OWNER: GARNISHMENT. Though
   a subcontractor may be entitled to assert a lien against an owner's
   real estate, he is not therefore entitled to a personal judgment
   against the owner for the amount due him from the contractor.

APPEAL from the district court of Dawes county. Heard below before KINKAID, J.   *Reversed.*

*C. H. Bane,* for appellant.

*Allen G. Fisher, D. B. Jenckes,* and *C. Dana Sayrs, contra.*

RAGAN, C.

The district court of Dawes county rendered a decree giving Thomas Madden and Robert Hood subcontractors' liens against certain real estate of Harriet E. Loomer for the value of material and labor furnished by them to one Falgetter, who, in pursuance of a contract with Mrs. Loomer, was erecting an improvement upon said real estate.   From this decree Mrs. Loomer appeals. Falgetter and Mrs. Loomer entered into a contract in writing in and by which Falgetter agreed to furnish the material, perform the labor, and build for Mrs. Loomer a dwelling-house upon her real estate.   As full compensation for such labor and material Mrs. Loomer agreed, on completion of the improvement, to convey to Falgetter certain real estate described in the contract. The agreement is silent as to the contract price for the improvement and as to the value of the real estate. Falgetter began the performance of his contract, but before it was entirely completed abandoned it, and seems to have departed the realm.   The appellee Hood furnished Falgetter part of the lumber and building material used by him in the construction of this improvement for Mrs. Loomer.   Within sixty days after the date of the furnishing of the last item of material he filed a sworn statement of the amount due him from Falgetter for the material, together with a description of Mrs. Loomer's real estate, with the register of deeds of Dawes county, where the same was situate, and claimed a lien thereon for the amount due him from Falgetter.   To the claims of Hood and Madden for subcontractors' liens on her premises Mrs. Loomer interposed, among other

defenses, the contract for the erection of the improvement existing between herself and her contractor, Falgetter, and, in effect, offered in her answer to convey said real estate to the subcontractors upon their completion of the building according to the contract existing between herself and Falgetter. The conclusion reached by us here as to the right of Hood to a lien disposes also of Madden's right to a lien.

1. Falgetter, the contractor, having in pursuance of an express contract with the owner of real estate furnished the labor and material for the erection of an improvement thereon, was, by section 1, article 1, chapter 54, Compiled Statutes, vested with a right to a lien upon said real estate to secure the payment of the contract price for erecting such improvement; but this right to a lien was one which the contractor might waive, and as he stipulated to take a certain piece of real estate in payment of his compensation for erecting such improvement, we think Falgetter waived his right to insist upon a lien against these premises, as it was not the intention of the parties that this real estate should be a security to insure Falgetter being recompensed for his services in erecting the improvement; but the real estate was to be Falgetter's entire recompense for his services in the premises. Certainly this is true in the absence of fraud or a failure or refusal of Mrs. Loomer to make the conveyance of the real estate as agreed. See *Dore v. Sellers,* 27 Cal., 588, in which a contractor agreed to furnish the material and construct a building in consideration of a debt then due from him to the owner, and it was held that the contractor had by the contract waived his right to a lien upon the premises upon which the improvement was erected. (See also *Bayard v. McGraw,* 1 Brad. [Ill. App.], 134; *Jones & Magee Lumber Co. v. Murphy,* 19 N. W. Rep. [Ia.], 898.)

2. But Falgetter has not attempted to assert a lien against the premises upon which this improvement was erected; and, since he waived his right to a lien and

agreed to accept the conveyance of certain real estate in compensation for erecting the improvement, the serious question is, whether the contract existing between the owner and the contractor is of such a nature as to deprive the subcontractors of a lien for the labor and material furnished by them to the contractor. The answer to this question depends upon the proper construction of section 2 of said chapter 54, which declares, in substance, that any subcontractor who shall furnish any labor or material to a contractor towards the erection of an improvement by him upon real estate may, within sixty days from the furnishing of such labor and material, file a sworn statement of the amount due him from the contractor, together with a description of the real estate upon which the improvement is erected, with the register of deeds where the real estate is situate; and if the contractor does not pay such subcontractor, the latter shall have a lien for the amount due him on the real estate, "from the same time and in the same manner as such original contractor." This section of the statute further provides that the risk of all payments made to the original contractor shall be upon the owner until the expiration of the said sixty days, and that "No owner shall be liable to any action by the contractor until the expiration of said sixty days, and such owner may pay such subcontractor * * * the amount due him from such contractor, * * * and the amount so paid shall be held and deemed a payment of such amount to the original contractor." This statute contemplates a contract between the owner of real estate and a contractor in and by which the owner shall pay the contractor money for erecting an improvement upon the real estate; and the statute, upon the subcontractor's complying with its terms, stops or impounds in the hands of the owner the money owing by him to the contractor for erecting the improvement to the extent of the debts of the contractor to the subcontractor. The effect of the subcontractor's compliance with the statute oper-

ates as a garnishment in the hands of the owner of the money owing to the subcontractor from the original contractor, and the lien given the subcontractor by this statute is to secure the payment of the money thus impounded or garnished in the hands of the owner. The right of the subcontractor to a lien rests, then, (1) upon the original contractor's money indebtedness to him; and (2) upon the owner's money indebtedness to the contractor, and these two things must exist or the subcontractor has no lien. At no time after this improvement was begun by Falgetter was the owner of the real estate indebted to him in any sum of money whatever; and, as she was not indebted to the contractor, the compliance by·the subcontractor with the statute did not have the effect to invest such subcontractor with a lien upon the owner's real estate. (See *Blythe v. Poultney*, 31 Cal., 234; second point of syllabus in *Ripley v. Board of County Commissioners of Gage County*, 3 Neb., 397.) The reason for this rule and this construction is, that there is no privity of contract between a subcontractor and the owner; and the rights of a subcontractor to a lien against the premises of the owner, though conferred by statute, is in subordination to the contract existing between the owner and the contractor. All the authorities are agreed that a subcontractor is bound to take notice of the terms of the contract existing between the owner and the contractor, and if that contract is of such a nature as to preclude the contractor himself from asserting a lien, the subcontractor's right to a lien falls. (See the subject discussed generally in *Bowen v. Aubrey*, 22 Cal., 566; *Shaver v. Murdock*, 36 Cal., 293; *Henley v. Wadsworth*, 38 Cal., 356; *Dingley v. Greene*, 54 Cal., 333.) In *Jones v. Murphy*, 19 N. W. Rep. [Ia.], 898, the supreme court of that state, in discussing the question under consideration, said: "Now, while it may be that a mere stipulation on the part of a contractor not to claim a mechanic's lien would not preclude subcontractors from doing so, we think that they are precluded where the contractor

stipulates in the outset for a mode of payment inconsistent with a mechanic's lien. The contractor might stipulate for payment in labor, or some specific property other than money. If he should do so, such contract would be inconsistent with a mechanic's lien on the part of a subcontractor. * * * Subcontractors must take notice of the modes under which the contractor has a right to require the owner to discharge his liability under his contract, and must extend or withhold credit according as they see fit in view of the contract." In the case at bar the subcontractors knew, or were bound to know, that Falgetter had agreed to receive a conveyance of a certain described piece of real estate in full compensation for the labor and material he might furnish in the erection of this improvement. They knew, or were bound to know, that by the terms of this contract Mrs. Loomer would at no time be indebted to Falgetter in any sum of money. Knowing, or being charged with notice of, the terms of the contract between the owner and Falgetter, the subcontractors furnished the labor and material to the contractor at their peril; and because he has not paid them for the material furnished, the courts cannot set aside the contract existing between the owner and the contractor, make a new contract for these parties, and declare Mrs. Loomer indebted to Falgetter.

3. In the case at bar the district court not only gave Hood a lien upon Mrs. Loomer's real estate, but rendered a personal judgment in Hood's favor against Mrs. Loomer for the value of the materials which Hood had furnished Falgetter. If the subcontractor had been entitled to a lien against Loomer's real estate he would not have been entitled to this personal judgment. As already stated, there is no privity of contract between an owner and a subcontractor, and judgments in this class of cases are based always on a contract or the violation of a contract express or implied.

4. We must not be understood as deciding that be-

cause a contractor neglects or omits or stipulates not to claim a lien against real estate on which he erects an improvement in pursuance of a contract with the owner, or because of some default in the performance of his contract he has precluded himself from asserting a lien, that, therefore, a subcontractor, who has furnished labor or material to the contractor, is precluded from asserting a lien. What we do decide is that the right of a subcontractor to a lien against an owner's real estate depends upon the contractor's money indebtedness to the subcontractor for labor or material furnished and upon the indebtedness of the owner to the contractor for labor and material furnished towards the improvement.

The decree of the district court is reversed and the actions of Hood and Madden dismissed.

REVERSED AND DISMISSED.