COATES LUMBER & COAL COMPANY, APPELLEE, v. A. F. KLAAS: CHARLES W. BASKINS, APPELLANT.

FILED JULY 8, 1918. No. 19928.

Mechanics' Liens: SUBCONTRACTOR'S LIEN. Sections 3823, 3824, Rev. St. 1913, construed, and *held*: The subcontractor's right to a lien for services or material furnished to the contractor does not depend upon the terms of the contract entered into between the owner and the contractor. *Frost v. Falgetter*, 52 Neb. 692, overruled.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*C. L. Baskins*, for appellant.

*Hoagland & Hoagland*, contra.

DEAN, J.

Plaintiff began this action in Lincoln county to recover on a mechanic's lien for building material furnished to A. F. Klaas, who contracted with defendant Baskins to erect a building for him. Plaintiff recovered a judgment for $636, from which defendant Baskins appealed.

The action was brought under sections 3823, 3824, Rev. St. 1913. So much of section 3823 as applies to the present case reads: "Any person who shall perform any labor or furnish any material * * * for the erection * * * of any house, * * * by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the payment of the same upon such house, * * * and the lot of land upon which the same shall stand." The section following, namely, section 3824, provides generally that to perfect such lien a sworn statement must be filed by the claimant in the office of the register of deeds of the county where the land is situated, within sixty days after the labor is performed or the material is furnished, setting forth the amount of the labor performed or material furnished as the case may be. This section also provides that the subcontractor shall have a lien upon the "lot or lots and the improvements thereon from the same time and in the same manner as such original contractor; and the risk of all payments made to the original contractor shall be upon the owner until the expiration of the sixty days hereinbefore specified."

The language last cited can scarcely be construed to mean that, unless it can be shown that the owner is indebted to the contractor, the subcontractor cannot "have a lien to secure the payment" of his claim either for

labor or material. To so construe the act would be to prepare the way for a cunning and unscrupulous owner and an equally unprincipled contractor to so contrive together as to defeat the valid claims of those whom the statute was enacted to protect. This language from the act, "and the risk of all payments made to the original contractor shall be upon the owner until the expiration of the sixty days hereinbefore specified," clearly contemplates that the owner shall be held to the limit of time specified in the act for the value of the labor and material that is furnished to the contractor and that is appropriated and used by such contractor in the repair or erection of the owner's building.

In his brief defendant argues: "That the subcontractor, laborer, and materialman are limited in the recovery on their liens to the orginal contract price where all the money arising from the contract between the owner and the contractor is applied upon the payment of the liens. Subcontractors, laborers, and materialmen are bound to take notice of the original contract as existing between the owner and original contractor."

The sections of the law under consideration should not be given the construction insisted upon by defendant. In support of his contention he cites *Frost v. Falgetter*, 52 Neb. 692, but that case upon analysis does not seem to find support in the statute. It was there held: "Where a contractor agrees in writing with the owner of real estate to furnish the labor and material and erect thereon a building, and in payment for such services to accept a conveyance from such owner of certain real estate described in said contract, such contractor is not entitled to a lien on the real estate on which he erects the improvement, in the absence of fraud or a failure of the owner to make the conveyance promised. In such case a subcontractor who has furnished labor or material to the contractor for such improvement cannot assert a lien against the owner's real estate." In the body of the opinion it is said: "This statute contemplates a contract between

the owner of real estate and a contractor in and by which the owner shall pay the contractor money for erecting an improvement upon the real estate; * * * the right of the subcontractor to a lien rests, then, (1) upon the original contractor's money indebtedness to him, and (2) upon the owner's money indebtedness to the contractor, and these two things must exist or the subcontractor has no lien.''

We do not find any language in the mechanics' lien law that will support the construction that is placed upon the act in the *Frost* case. In that case the learned commissioner based the decision for the most part on the cases of *Dore v. Sellers,* 27 Cal. 588, and *Bayard v. Mc Graw,* 1 Ill. App. 134. But neither the California nor the Illinois citation seems to be in point because the statutes there construed, in express terms, make a subcontractor's lien to depend upon the contract between the owner and the contractor, each of the statutes providing in substance that liens of subcontractors could not exceed in amount the contract price agreed upon between the owner and the contractor. The Nebraska statute contains no such restriction, and it follows that the California and Illinois cases are not in point.

It seems clear to us that the subcontractor's right to the lien is not made by our statute to depend upon the terms of the contract between the landowner and the contractor. If the legislature had so intended it could have so expressed itself in clear and unmistakable language. We will not read into the act a meaning that is not fairly supported by its language. Our decision in the present case is in harmony with our former decisions. *Foster v. Dohle,* 17 Neb. 631; *Colpetzer v. Trinity Church,* 24 Neb. 113; *Drexel v. Richards,* 48 Neb. 322; *Way v. Cameron,* 94 Neb. 708. It is the opinion of a majority of the court that the case of *Frost v. Falgetter,* 52 Neb. 692, should be overruled as not being in accord with the apparent intent of the statute. Defendant cites *Campbell v. Kim-*

Coates Lumber & Coal Co. v. Klaas.

*ball,* 87 Neb. 309, but that case does not seem to be fairly in point.

Indiana has a statute similar to ours, and its constitutionality has been questioned on two grounds, namely, that it impairs the obligation of the contract between the owner and the contractor, and that it deprives persons of their property without due process of law by permitting subcontractors who are strangers to the contract to subject the owner's property to the payment of their claims. In *Barrett v. Millikan,* 156 Ind. 510, it was held that the act was not unconstitutional in the respects noted, for the reason that the owner enters into the contract with full knowledge of all of the statutory obligations imposed upon him, and thereby he binds his property by his own voluntary act. To the same effect was the earlier case of *Smith v. Newbaur,* 144 Ind. 95.

On motion the district court struck from defendant's answer certain allegations respecting the amount paid by him to the original contractor on his contract, and the amounts paid to other mechanics and laborers to complete the building in accordance with the contract that he entered into with the orginal contractor. In view of our decision, error can not be predicated upon this ruling by the district court. The defendant charges that the plaintiff's lien was not filed within the time contemplated by the statute, but this assignment is not sustained by the evidence.

Finding no reversible error, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissents.

HAMER, J., not sitting.