J. W. TERTELING & SONS v. CENTRAL NEBRASKA PUBLIC POWER & IRRIGATION DIST.

Civ. No. 15.

District Court, D. Nebraska, Hastings Division.

July 13, 1948.

W. C. Fraser, C. F. Connolly and Fraser, Connolly, Crofoot & Wenstrand, of Omaha, Neb., for plaintiff.

R. O. Canaday, P. E. Boslaugh, and Stiner, Boslaugh & Stiner, all of Hastings, Neb., and R. H. Beatty and Beatty, Clarke, Murphy & Morgan, all of North Platte, Neb., for defendant.

DELEHANT, District Judge.

In this action, long pending in consequence of the impact upon it of the recent international hostilities, the plaintiff which, and the members of which, are residents and citizens of Idaho, seeks to recover from the defendant, a Nebraska corporation, a judgment largely exceeding $3,000 for the aggregate amount of five severally stated

claims for items which, it contends, are due and unpaid to it under a construction contract made between the parties to the action in 1938, whereunder the plaintiff agreed to furnish labor, plant, equipment and materials and perform work for the construction of the "Johnson section" of a certain supply canal located in Nebraska, with sundry details incident thereto. After the issues had once been joined, the plaintiff, by leave first granted, served and filed an Amended Complaint. Thereupon, the defendant, in respect of each of the claims, separately moved for a summary judgment in its favor upon six severally stated grounds.

Avoiding any presently unnecessary statement of the particulars of the plaintiff's claims, it may be observed that they all arose in connection with a distinct segment of the large contracted project, which segment was accomplished by the plaintiff, not directly but through the services of two joint subcontractors, one a Nebraska partnership, and the other a Nebraska corporation, under a written subcontract wholly between those subcontractors and the plaintiff, which, however, was formally approved by the defendant, within the contemplation of the prime contract between the parties to this action.

In addition to the amended complaint, the record before the trial court includes (a) an extended report of pretrial conference, with many exhibits identified therein; (b) a stipulation of the parties, with further exhibits, and (c) an affidavit of the former (and, during the interval embracing the execution and performance of the contract) chief engineer and general manager of the defendant.

The issues involved in the motion for summary judgment have been presented by able and exhaustive briefs of counsel. In view of the nature of the court's ruling upon that motion, it is appropriate that the announcement of the order be made with a brevity entirely disproportionate to those briefs and to the time and effort expended in their study by the court. But, where issues in the case remain for answer after a trial, or in any event after further and final submission, it is notably in order to avoid partial, tentative or anticipatory anal-ysis of them in connection with an adverse ruling upon a motion for summary judgment. Their final submission ought not to be hampered by, or oriented to, any judicial expression lacking the virtue of finality. The motion is being denied in its entirety.

 Upon certain of its points the present ruling may be decisive. Those have mainly to do with the jurisdiction and the formal adequacy of the complaint as the foundation of relief. Ordinarily, issues challenging the court's jurisdiction (specifications (a) and (b) of motion) or the complaint's statement of a claim on which relief can be granted (specification (c) thereof) are tendered earlier in the progress of a case, and provision is made for their presentation by motion. Federal Rules of Civil Procedure, Rule 12(b) (1, 6), Title 28 U.S.C.A. following section 723c. However, the defendant correctly argues that they may be tendered at any time. They may, indeed, be noticed and acted upon by the trial court, or by an appellate court, on its own motion. Or they may be considered, as here, upon a motion for summary judgment, provided, of course, due care is taken to preserve in the judgment of dismissal, if one be granted, the record of the want of jurisdiction or adequacy of the complaint, as the ground of such action. But the defendant's position upon these basic issues appears not to be well taken.

 Passing momentarily over, and reserving, the jurisdictional issue, rooted, as it is, in the question of parties plaintiff to the action, the court holds that the amended complaint sets forth a claim upon which relief can be granted. Even if it were required to "set forth facts sufficient to constitute a cause of action" as Nebraska's state courts understand that phrase, it might withstand assault, although in the face of acknowledged doubt respecting some of its counts, no declaration to that effect is now made. But, notwithstanding the defendant's argument and its supporting authority, the complaint is not to be measured by that test. The rule is stated quite otherwise. As against a motion to dismiss for want of adequate statement of claim, a plaintiff is entitled to a liberal construction of his com-

plaint, which should be construed in the light most favorable to the claimant with all doubts resolved in his favor. And the complaint is not to be dismissed upon that ground unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him. Musteen v. Johnson, 8 Cir., 133 F.2d 106; Leimer v. State Mutual Assurance Co., 8 Cir., 108 F.2d 302; Sparks v. England 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union Inc. v. Great Atlantic and Pacific Tea Co., 8 Cir., 131 F.2d 419; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; Cool v. International Shoe Company, 8 Cir., 142 F.2d 318; United States v. Arkansas Power and Light Co., 8 Cir., 165 F.2d 354.

Instructed and admonished by those opinions of the United States Circuit Court of Appeals for the Eighth Circuit, which are conformable to the general trend of judicial thought in the application of Rule 12(b)(6), this court is not prepared to reject as necessarily unsupportable any of the several statements of claim made in the amended complaint.

 The motion also asserts that the plaintiff is not entitled to prosecute this action because it is not the real party in interest within the requirement of Rule 17(a). The defendant contends that the two subcontractors are the real parties in interest. In addition to the recital already made respecting the relation of the parties to the claims, arising out of the contract, under which the subcontract was made, that argument rests upon (a) several letters which make it clear that, as the prime contractor, the plaintiff is prosecuting the action, under an agreement by the subcontractors to indemnify it against the costs and expense and other hazards of the litigation, in recognition of the fact that the avails of the proceeding, if any, upon their receipt by the plaintiff, will be distributable to the subcontractors; (b) the general record of the presentation to the defendant of those claims; and (c) a stipulation filed in the case to the effect, among others, that the subcontractors "are to receive all of the avails of this suit".

However, if there are valid claims of the character and origin alleged, the plaintiff alone, and not the subcontractors, may prosecute them against the defendant. From the defendant, only the plaintiff, if any one, is entitled "to receive the avails of this suit". Such right in them as the subcontractors may possess is against the plaintiff under their subcontract. The defendant itself is at pains correctly to make that clear. It is the rule in Nebraska. School District v. Thomas, 51 Neb. 740, 71 N.W. 731; Fremont Foundry & Mach. Co. v. Saunders Co., 136 Neb. 101, 285 N.W. 115. It rests upon the premise that, in the absence of special contractual provisions to the contrary, a construction agreement between an owner and a prime contractor, confers no rights against the former upon a subcontractor; and, in consequence, no right arises in favor of a subcontractor directly to sue the owner upon a subcontract, though it be approved by the owner. Frost v. Falgetter, 52 Neb. 692, 73 N.W. 12. Statutes may, and do, assure certain mechanics lien rights, under legislative safeguards, to a subcontractor; but those rights are not operative to support a simple action by the subcontractor for a money judgment against the owner upon either the prime contract, to which the subcontractor is a stranger, or the subcontract, by which no obligation is cast upon the owner. And the rule is the same in the federal courts. United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039. This rule might be supported by a great number of decisions and textual conclusions, many of which the comprehensive brief of the defendant cites and analyzes.

The position taken by the defendant leads to the indefensible conclusion that if, upon the final performance of a prime contract, the only items unpaid arise out of a subcontracted segment of the work, and must ultimately reach the subcontractor's coffers, no one may recover them from the owner; not the prime contractor, because no money recovered will finally remain in his hands and, on that account, he is not the real party in interest; not the subcontractor because he is a contractual stranger to, and not in privity with, the owner.

The present case is neither an action brought by an assignee for the purpose of suit, since there is no assignment of any claim on which suit is brought, nor one brought by the two subcontractors in the borrowed name of the plaintiff as prime contractor. Assertions to the contrary reflect only the defendant's conclusions from the history of the claims and the institution of the action, with which the court finds itself unable to agree. The plaintiff is standing by to prosecute an action upon claims against the defendant, which, if they, or any of them, possess objective merit, are within its formal ownership and power of enforcement, quite irrespective of the channels through which, if successful, it will have finally to distribute the fruits of the litigation.

The defendant urges, too, that this court is without jurisdiction because of the want of a real diversity of citizenship. The subcontractors, it is said, as the real parties in interest, are necessary parties to the action who must be classified as plaintiffs, thus destroying the statutorily requisite diversity of citizenship, Title 28 U.S.C.A. § 41(1). The court is entirely aware that a plaintiff, desiring to resort to the federal court for the prosecution of a claim, may not omit from his action persons, citizens of his adversary's state, who are either indispensable or necessary parties, but whose interest requires them to be ranged with the plaintiff. The United States District Courts will balk such an intrusion upon their jurisdiction by including the omitted persons for the purpose of determining jurisdiction and arranging them on the several sides of the controversy in conformity to their respective interests. Thereby, jurisdiction is defeated and rejected.

But this is not such a case. As has already been announced, the court considers the Nebraska subcontractors to be neither indispensable nor necessary, nor even proper, parties to this suit against the defendant. The jurisdiction of the court over the claims of the plaintiff against the defendant under the prime contract is not defeated by the incidental obligation of the plaintiff to account to the subcontractors for the proceeds of the suit in the event of its recovery.

Touching the remaining specifications in the motion for summary judgment, the court proceeds no farther in its discussion than to say that, in the present state of the record, it may not conclude with certainty that no genuine issue as to any material fact upon any of the claims in the case remains in controversy between the parties, and that only questions of law are here for solution, as to any of the claims; for they have to be considered separately. Rule 56(c) Federal Rules of Civil Procedure.

It is true, as the defendant argues vigorously and with substantial force, that the pleaded and stipulated prime contract both challenges the legal accuracy of sundry allegations of the amended complaint, and prescribes certain actions by the plaintiff as imperatively prerequisite in the preservation and assertion of any claim of the character here involved upon which it may seek to maintain a suit. It also appears, in the light of its present understanding by the court, to clothe the defendant's engineer with directionary power more ample and unrestricted than was involved in the case of Tobin Quarries v. Central Public Power and Irrigation District, D.C., 64 F. Supp. 200, affirmed 8 Cir., 157 F.2d 482. And there is evidence, relied upon by the defendant, in the report of pretrial conference and the stipulation already mentioned, with their many exhibits, which offers measurable support for its separate positions.

However, much of the material just adverted to is operative principally to support the denial by the defendant of certain allegations of the complaint, including those touching the history of the disputed work, the tendering of objections, protests and demands by or in behalf of the plaintiff, and the plaintiff's compliance with conditions precedent to its assertion and maintenance of its claims. Those allegations of the complaint remain, however sharply they are challenged. Whether there is further evidence responsive to them, oral or documentary, either affirmatively supporting them or controverting or

avoiding the showings of the defendant, the court is presently unable to determine. The plaintiff has not elected, upon the present submission, finally to try these questions by the presentation of counter affidavits, and the court has not been requested, or on its own motion seen fit, to require it to do so. Nor has the plaintiff signified that it has, or will offer, no evidence upon the questions thus tendered.

■ The stipulation, by which several exhibits were identified and certain important questions were answered with finality, does not expressly constitute a submission of the action upon its final merits, apart from the issue of the measure of the plaintiff's recovery, if any. Nor is there any language in it, or in the entire context of the case, which would justify the court's attribution to it of that consequence. There is, indeed, an expression in one of the plaintiff's briefs from which it might be inferred that such a final, though limited, submission was within the wish and purpose of the parties. But the language, thus dubiously understood, is not unequivocal, and, more to the point, the brief is no part of the record. The court, therefore, is satisfied that the issues suggested remain for trial, and will persist in that view unless and until counsel, by stipulation, shall effect a final submission upon the present, or a supplemented, record, of the issue of liability, divorced from the amount or extent thereof.

In its present position the record in this case admonishes the court to observe the caution twice repeated by Mr. Justice Jackson in the unanimous opinion of the Supreme Court in Kennedy v. Silas Mason Co., 68 S.Ct. 1031, 1034, filed May 17, 1948. Concluding his discussion in that case he said: "We consider it the part of good judicial administration to withhold decision of the ultimate questions involved in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts. While we might be able, on the present record, to reach a conclusion that would decide the case, it might well be found later to be lacking in the thoroughness that should procede judgment of this importance and which it is the purpose of the judicial process to provide."

This court is of like persuasion in reference to the record presently before it.

An order is being entered denying and overruling the motion for summary judgment.