HART AND SCHLESSENGER CORPORATION *v.* MULLEN et al.,
impleaded, etc.

1. Under the statute (Laws 1872, p. 147), one who contracts directly with the owner for the delivery of materials in the construction of a building, is required to file his lien claim within forty days after the completion of the building. He may file it an earlier day if he so elects; and within six months thereafter, whether the lien be filed prior or subsequent to the' completion of the building, he must commence suit to enforce it. Purchasers, after notice of lien claim filed, may be properly made parties defendant in such action.

2. In an action to enforce a lien under the statute, a judgment for the payment of money is not warranted.

### *Error to District Court of Gilpin County.*

THIS was a suit to enforce a lien under the statute by the plaintiff in error, for materials furnished Neaman (impleaded with Mullen and Sartori), and used by Neaman in the construction of a building owned by him. Upon demurrer, the petition was dismissed as to Mullen and Sartori. Default was taken against Neaman. From the evidence taken before the master, it appears that Neaman was the owner of the building at the time the materials were furnished; that Mullen and Sartori purchased the property on the 10th day of June, 1876; that when Neaman sold to Mullen and Sartori, the building was unfinished.

The following, among other matters, appears by the report:

Notice of Mullen and Sartori filed in recorder's office of Gilpin county, July 9, 1875, of their intention to claim a lien.

Petition filed by Mullen and Sartori to enforce the same, December 16, 1875.

Notice of the Hart and Schlessinger corporation of their intention to claim lien, filed in the recorder's office May 2, 1876.

Henry Hale testified in substance as follows: " Was book-keeper and salesman for plaintiff in April, 1875.

Henry Neaman got lumber from plaintiff to the amount of $179.19; know it was used in the construction of building described in plaintiff's petition; I presented the bill to Neaman in May or June, 1875; he said it was correct; the building is now unfinished, and has never been occupied; I filed the notice on behalf of the corporation of its intention to claim a lien."

The master certified that there was due from Neaman to complainant the sum of $218.70.

Afterward, on the filing of the master's report, the complainant filed a "motion for judgment against Henry Neaman, one of said defendants, for $218.70 And further, that petitioners may be decreed to have a lien upon the premises in the petition described, for said sum, and that the same may be sold to satisfy the same, according to the rules and practice of the court and in pursuance of the statute."

Judgment was rendered against Neaman for $218.70 and costs, and a decree for a lien on the premises denied.

The complainant prosecutes this writ of error and assigns for error:

"1. The court erred in sustaining the demurrer of defendants to petition, and dismissing the same as to defendants Mullen and Sartori.

"2. The court erred in denying to petitioners, plaintiff in error, a lien upon the premises described in petition.

"3. The court erred in rendering judgment for costs against plaintiff in error."

Mr. ALVIN MARSH, for plaintiff in error.

Messrs. H. M. & W. TELLER, for defendants in error.

THATCHER, C. J.  By the petition of the plaintiff in error, complainant below, it appears that it claims a lien for lumber furnished by it to and used by Neaman in the construction of a building situated on a certain lot owned by Neaman, in Central City; that the lumber, in accordance with a contract between the plaintiff in error and Nea-

man, was delivered to him in the month of April, A. D. 1875; that thereafter, and on the 2d day of May, A. D. 1876, before the building was finished, it filed its notice of intention to claim a lien upon the building and premises upon which it was situated, in pursuance of section two of the Mechanics' Lien Act of February 9, 1872, Session Laws 1872, p. 147; that Mullen and Sartori claim to have some interest in the premises for work and labor performed on said building, and they are therefore made parties defendant.

A joint and several demurrer was interposed to the petition, which, as to Mullen and Sartori, was sustained by the court. The only point relied on by defendants in error, in their argument, is that the statement of the lien claimed was not filed within the statutory period. Section one of the act provides that all artisans, mechanics, and others, who shall perform work or labor, or furnish materials * * * for the construction or repairing of any building, shall have and may claim a lien upon such building for the amount and value of the work and labor so performed or materials furnished. Section two provides that persons claiming a lien, as provided in section one, shall file in the clerk and recorder's office, within forty days after such building or superstructure, work of construction, or any repairs shall have been completed, a statement of such lien. Defendants in error contend that the statement must be filed, under this section, within forty days after the last materials were furnished by lien claimant. To determine the time within which a sub-contractor must file his lien, reference must doubtless be had to the time when the last labor was performed or the last materials furnished by him. Such is the plain requirement of the last provision of section two. But a different rule, as will be seen from the portion of section two above quoted, applies to him who contracts for the delivery of materials directly with the owner of the building. In such case the contractor is only bound to file his lien claim within forty days after the completion of the

building. Until that time has elapsed he cannot be said to be in default. Phillips on Mechanics' Liens, § 330, p. 465. He may file it at an earlier day if he so elects, and within six months thereafter in either event, whether the lien be filed prior or subsequent to the completion of the building, he must commence suit to enforce it.   § 8.

As the lien claim was filed within the prescribed time under the statute, as we construe it, the decree dismissing the bill as to Mullen and Sartori was erroneous. The decree against Neaman for the payment of money in the absence of a lien, is not warranted by the Lien Act. *Barnard, Adm'r*, v. *McKenzie* (*ante*, p. 251).

*Decree reversed.*