## EPLEY ET AL. V. SCHERER.

A material man to maintain a mechanic's lien under the statute (Gen. Laws, p. 595, Sec. 1669), must aver and prove that at the time of the noti ce served upon the owner, of intention to claim a lien, that a payment was due or to become due from the owner to the contractor.

### Error to Circuit Court of Arapahoe County.

THE complaint in this case alleged:

"That said Jacob Scherer on, to wit, the second day of January, A. D. 1880, was the owner of lots numbered (15) fifteen and (16) sixteen, in block numbered (64) sixty-four, in the east division of the city of Denver, in the county of Arapahoe aforesaid, and thence hitherto hath been and now is the owner of said lots.

That one Valentine Harding, on or about the second day of January, A. D. 1880, was, at the special instance and request of said Jacob Scherer, engaged in the erection and construction of a building upon the lots above described as a contractor.

That at the special instance and request of the said Valentine Harding, as such contractor, the plaintiffs furnished to the said Valentine Harding a large amount of material to be used in and about the erection and construction of said building, to wit: Seventy-five thousand bricks, of the value of seven hundred and fifty dollars, and which said material was used in and about the erection and construction of said building.

That said material was furnished as aforesaid by the authority and with the knowledge and consent of the said Jacob Scherer, he, the said Jacob Scherer, then and there being the owner of the lots hereinbefore described.

That the plaintiffs, on the fifth day of March, A. D. 1880, and within twenty days from the furnishing the last of said material above mentioned, according to the form of the statute in such case made and provided, prepared and filed in the of-

Epley et al. v. Scherer.

fice of the county clerk and recorder of the county of Arapa
hoe aforesaid, their statement, containing a notice of their in-
tention to hold and claim a lien, together with a description
of the premises to be charged thereunder, as well also an ab-
stract of the indebtedness claimed by the plaintiffs to be due;
and afterwards, and within ten days from the filing of such
statement as aforesaid, the plaintiffs, according to the form of
the statute in such case made and provided, served a copy of
said notice in writing upon the said Jacob Scherer by deliver-
ing the same to him personally.

That there is now due and owing to the plaintiffs by and on
account of the material furnished as aforesaid, after allowing
all just credits, the sum of five hundred and fifty dollars.

That said Jacob Scherer has failed to pay the same, or any
part thereof, although often requested so to do.

Wherefore, the plaintiffs pray that your Honor will grant
them a lien upon the premises above described, according to
the form of the statute in such case made and provided, and that
a writ of summons may issue out of and under the seal of this
honorable Court, directed to the sheriff of Arapahoe county,
therein commanding the said Jacob Scherer to be and appear
before this honorable Court on a day therein to be named, and
to answer the premises and to abide such order herein as to
your Honor may seem meet.

To this complaint a demurrer was sustained as stated in the
opinion. The petitioners elected to stand by their complaint,
and judgment was entered on the demurrer in favor of the
defendant. To reverse that judgment this writ of error is
prosecuted.

In this court it was contended by plaintiffs in error that it
is not necessary to state in pleading, matter which should more
properly come from the other side; that the remedy was stat-
utory; that the first section of the act gave the remedy, and
the exception contended for by defendant occurred in a subse-
quent section, and hence, under the rules of pleading, was
matter of defense.

Messrs. FRANCE & ROGERS, for plaintiffs in error.

Mr. W. B. MILLS, for defendant in error.

*Error to County Court of Arapahoe County.*

STONE, J.   Action in the court below was brought by plaintiff in error against the defendant in error, to enforce a mechanic's lien upon the premises of the defendant for building materials furnished by plaintiffs to sub-contractors.

The complaint was demurred to as not stating facts sufficient to show a cause of action.   The demurrer was sustained by the county court.   The plaintiffs elected to stand by their complaint, and assign here for error the judgment of the court upon sustaining the demurrer.

Section 6 of the act of 1876, amendatory of the mechanic's lien law, is as follows:

" Nothing in this act, nor in the act to which this is amendatory, shall be so construed as to give a lien or liens to any subcontractor, journeyman, laborer or other person, which singly exceeds, or in the aggregate exceeds the amount due or to become due to the contractor from the owner of the property upon the contract between them, for the work of such contract upon such property."   General Laws, p. 595, Sec. 1669.

The ground of the demurrer is that the complaint fails to aver that " at the time of notice of lien, or at any time, there was any amount due or to become due from the owner of the property to the contractor, upon the contract between them; " and it is contended by counsel for defendant, that such indebtedness should appear in the complaint as a material averment going to the cause of action.

Since no authorities were cited by counsel in the case, save the most general rules of common law pleading, we have been at some pains to find authorities ruling upon the precise question.

Mr. Phillips, in his work on Mechanic's Liens, Sec. 405, states the doctrine that the plaintiff's sub-contractor is not

bound to aver negatively that the owner, at the time he received notice of the plaintiff's claim, had not paid the contractor the full amount·of the contract price, and cites as authority the cases of *Doughty* v. *Devlin*, 1 E. D. Smith (N. Y.) 625, and *Bailey* v. *Johnson*, 1 Daley, (N. Y.) 61.

The first of these cases lays down the rule as stated by Mr. Phillips, but the other case holds directly the contrary. It will be found upon investigation that the case of *Doughty* v. *Devlin* is the first reported case of a large number of cases decided under the New York lien law of 1851, and the court in that case expresses some doubt as to the proper interpretation of some portion of the then new statute. At a subsequent term of the same court, in the case of *Sullivan* v. *Brewster*, 1 E. D. Smith, 681, it is held that a sub-contractor, equally with the original contractor must, to entitle him to recover, show that a payment has become due from the owner upon the contract. The court in that case say: " The operation of the lien law is to transfer to the sub-contractor so much of the contractor's claim against the owner as would be sufficient to pay the debt of the contractor to his sub-contractor. It would be but reasonable to require the same amount of proof to recover against the owner for the same debt whether the suit is brought by one or the other claimant. It is said that this would be requiring the plaintiff to prove a negative. This is not so. It is an affirmative proposition that there was a contract, and also that a payment has become due upon it."

Following this case, the court adhered to the same rule in numerous cases to be found in 2d, 3d and 4th E. D. Smith, and later on in the case of *Bailey* v. *Johnson*, 1 Daly, 61, (referred to *supra*), the court say: " To determine as to their correctness (the rulings of the court below) it will be necessary to see what facts are required to be alleged and proved in an action brought by a sub-contractor, to enforce a lien under the law of 1851, referred to in this complaint. The numerous decisions which this court has made in respect to this law, show that to establish a lien under it by a sub-contractor, there must appear:

"1st. That labor or materials have been furnished in the erection of the building, in conformity with the contract made by the original contractor with the owner.

"2d. That within * * * thereafter, a notice in writing * * * claiming a lien for the work or materials thus furnished, has been filed with the county clerk. 

" 3d. That at the time of filing the notice of lien, or subsequently, a payment was due, or has since become due from the owner to the contractor, upon the original contract.

4th. That the contracting owner had some interest in the property at the time the notice claiming the lien was filed." And in support of the holding as to these requisites of the complaint and proof the numerous previous decisions are cited."

The New York statute of 1851, under which these decisions were made, differs but little, if any, in substance, from the provision in our law under which the case at bar arises. Sec. 4, Ab. N. Y. Dig. Tit. Mech. Lien. Sec. 45.

The same rule is substantially laid down in Illinois and in California. *Thomas* v. *Industrial University*, 71 Ill. 310; *Henley* v. *Wadsworth*, 38 Cal. 356.

This rule is stated by Mr. Phillips in section 63 of his work above referred to, with authority cited, though in section 405, where he states the rule laid down in *Doughty* v. *Devlin*, no allusion is made to the conflict between that single case and the subsequent decisions. Our own court has inferentially held to the same rule in the case of *Jensen et al.* v. *Brown*, 2 Col. 694, where, although this precise question was not raised, the court, per Brazee, J., say: " The petition does not allege, the evidence does not show, nor does the referee find that anything was due from the owner to the original contractor at the time of service of notice of claim of lien."

Regarding this rule as correct upon principle and the authorities cited, we reach the conclusion that the demurrer was rightly sustained.

*Judgment Affirmed.*