GREELEY, S. L. & P. R. CO. V. HARRIS.

1. MECHANIC'S LIEN — STATUTE CONSTRUED — FAILURE TO OBSERVE PROVISIONS DEFEATS LIEN.— The act of 1881 entitled " An act to secure liens to mechanics and others   *   *   *"   gives a remedy of a beneficent character, and must be liberally construed to the end that the purpose and intention of the legislature may be effectuated.

2. A substantial compliance with its provisions must be had, however, otherwise no lien will attach.

3. A failure to serve a statement as required by the statute will defeat the lien.

*Appeal from District Court of Boulder County.*

APPELLEE brought his action in the court below to enforce a mechanic's or laborer's lien against the property of the appellant, under the act of 1881, and by his complaint made the following parties defendants: Thomas B. O'Hara and Charles Schroeder, William H. Cox, C. W. Collins, and the Greeley, Salt Lake & Pacific Railroad Company; — alleging that the defendant company was the owner of a certain railway; that it let a contract for the grading of a portion of its road-bed to defendant Collins; that Collins sublet the work to defendant Cox, and that Cox sublet the work, or part of it, to the defendants Thomas B. O'Hara and Charles Schroeder, partners doing business under the firm name of O'Hara & Schroeder; and that the claims upon which a recovery is sought were for work performed for said firm between the month of November, 1881, and the 1st day of February, 1882, upon said subcontract by the plaintiff, and those who assigned to him, with the exception of two claims which are for the board and supplies furnished to the employees of said firm between said dates.

Plaintiff alleges the filing and recording of certain notices of liens in the office of the clerk and recorder of the proper county upon Monday, the 6th day of February,

A. D. 1882, and the service of copies of each thereof the same day upon the defendant the Greeley, Salt Lake & Pacific Railroad Company; that on said 6th day of February, 1882, and since said date, said railroad company was and is indebted to the said contractors and said subcontractors in the sum of $2,500. Plaintiff demands judgment against O'Hara, Schroeder, Cox and Collins for the sum of $2,169.16 and interest; and that it may be decreed that the plaintiff has a lien upon the railway and other property of the defendant railroad company for said amount; and for general relief. To the said complaint were attached as exhibits the above-mentioned notices of liens, all in the usual form under section 5 of the lien act of 1881, and in each of which a lien is claimed for work and labor performed or supplies furnished between the 30th day of November, A. D. 1881, and the 1st day of February, 1882.

Trial was had to the court, and the action dismissed as to the defendant Schroeder. Judgment was entered in favor of defendant Cox for costs; and in favor of plaintiff Harris against the defendants Thomas B. O'Hara and the appellant for the sum of $2,169.16 and interest, making a total of $2,500, which sum was decreed to be a lien upon appellant's property, and the same ordered to be sold in satisfaction thereof.

The sections of the mechanic's lien act referred to in the opinion are to be found upon pages 169–171 of the session laws of 1881. By section 4 of the act it is provided in substance as follows, to wit: That every subcontractor, whether immediate or remote, and every mechanic, laborer and material-man performing work or labor, etc., shall have a lien by serving on the person for whose structure the work has been performed, etc., or upon his agent in charge, or, where there is no agent, by posting in a conspicuous place on the structure, before 5 o'clock in the afternoon of the Saturday next following after performing the work and labor or fur-

nishing the materials, a statement substantially like the following:

"(Place and date.)

"*To A. B.,* ——:

"I have performed work and labor on your structure on —— street, between —— and —— streets, in this city, (or town), since last Saturday, on account of your (——, contractor, or ——, a subcontractor), to the agreed amount of —— dollars, for which I ask credit.

"N. O."

Section 5 provides, *inter alia,* that every person claiming a lien for the amount so specified in such statement or statements, when the same is not less than $25, shall, within forty days after the last work done, file a notice of claim in the office of the clerk and recorder of the county wherein said property is situate; and by a subsequent section these provisions are extended to railroad property.

To reverse the judgment and decree of the trial court the defendant company brings the case here by appeal.

Messrs. TELLER & ORAHOOD, for appellant.

Messrs. J. BERKLEY and J. M. NORTH, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Of the fifteen assignments of error in this case it is only necessary for us to notice the last, viz.: "The judgment is contrary to law and against the evidence," as our decision thereon precludes a recovery by the appellee in this action. The complaint does not state, and the evidence does not show, that the appellee made any attempt to comply with section 4 of the act under which the lien is claimed. No statement as required by said section was either served or posted, and, without complying with this prerequisite, appellee was not entitled to a decree establishing a lien upon appellant's property. The proceeding to enforce a mechanic's lien is purely statutory,

and the statute must be complied with; otherwise no lien attaches.    *Barnard v. McKenzie,* 4 Colo. 251; *Jensen v. Brown,* 2 Colo. 694; *Mining Co. v. Finch,* 6 Colo. 214–223.

That the notice required by section 5 of said act is in addition to, and does not take the place of, the statement required by the preceding section, is manifest from the language used in the fifth section, viz.:  " Every subcontractor, mechanic, laborer or material-man claiming a lien for the amount so specified in such statement or statements  *  *  *  shall, within forty days,  *  *  * file a notice," etc.   Clearly, the statement or statements here referred to are those provided for in the preceding section, without the service or posting of which no lien attaches.

It is claimed, however, that the lien sought to be enforced in this proceeding is in the nature of an equitable lien against the property of appellant, and that a compliance with the statute in reference to the service of a statement was therefore unnecessary, as the company had notice of appellee's claim at a time when something was due from it to its contractor.   Granting, as we do, that the statute gives a remedy of a beneficent character, and that it ought to receive a liberal construction from the courts, to the end that the purpose and intention of the legislature may be effectuated, still it gives a remedy unknown at common law or in equity, and its provisions must be at least substantially complied with; otherwise no lien will attach.   In view of the judgment of the court below in favor of Cox, and without the statement required under section 4 of the act, we know of no principle of law or equity by which appellant's property can be subjected to the payment of appellee's claim. Phil. Mech. Liens, §§ 16, 338; *Epley v. Scherer,* 5 Colo. 536.

The judgment is reversed and the cause remanded to the district court, with directions to dismiss the proceeding.                                              *Reversed.*