CANNON AND DOUNCE V. WILLIAMS.

1. MECHANIC'S-LIEN STATUTES — CONSTRUCTION AND REQUIREMENTS.— Mechanic's-lien statutes in this state being equitable in purpose and remedial in nature are to receive a liberal construction by the courts. But there must be a substantial compliance with all material requirements thereof.

2. LIEN NOT DESTROYED BY HARMLESS MISTAKE OF CLAIMANT.— Where the lien-claimant, acting in good faith, by mistake includes

an item for which he is not entitled to a lien, such mistake does not, of itself, destroy the lien.

3. ABSTRACT OF INDEBTEDNESS AN ESSENTIAL REQUIREMENT.— Where the statute requires " an abstract of indebtedness showing the whole amount of debt, the whole amount of credit, and the balance due or to become due," the mere statement of the balance due is not a compliance therewith.

4. ERRORS, WHEN TO BE OVERLOOKED.— When there has been a substantial compliance with the statute, mistakes that do not tend to deceive parties interested may be overlooked.

5. PERSONAL JUDGMENT.— Under the act of 1883 a personal judgment may be rendered for the amount found due, though the right to a lien be not sustained.

### Appeal from District Court of Douglas County.

SUIT was begun by one George C. Bates against James Cannon, Jr., William J. Dounce, Morgan D. Williams and others to establish his claim for services rendered as an attorney, and to secure a prior lien upon certain coal mines as to which two of the defendants were considered owners and the others lien-claimants. Williams filed an answer and cross-complaint, alleging the performance of labor upon the mining property, the non-payment of compensation therefor, and a compliance with the mechanic's-lien law then in force. He asked judgment for $1,923.39, and that the same be made a lien upon the premises in accordance with the statute.

Cannon and Dounce filed an answer to the cross-complaint and the issue thus made was tried by a referee, who reported findings of fact, conclusions of law, and a judgment denying the lien. Exceptions being taken to the conclusions of law and judgment, the court upon the· hearing set them aside and entered judgment against Cannon for $1,822.66; also a decree giving Williams a lien for $1,075 of the amount claimed, as demanded in his cross-complaint. From that decree the present appeal is prosecuted.

Mr. T. D. W. YONLEY, for appellants.

Mr. WILLIAM DILLON, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

No exceptions were taken to the referee's findings of fact; hence these findings are to be accepted as true. The decision of this court turns, therefore, upon the law applicable to such facts.

Differences of opinion exist among the decisions as to whether mechanic's-lien statutes should receive a strict or a liberal construction. But since these statutes are manifestly equitable in purpose and remedial in nature, and especially since the course of legislation on the subject in this state has been reasonably just to all parties concerned, we are inclined to favor the doctrine of liberal construction. *Barnard, Adm'r, v. McKenzie,* 4 Colo. 251; *De Witt et al., Appellants, v. Smith et al., Respondents,* 63 Mo. 263; *Skyrme v. Occidental M. & M. Co.* 8 Nev. 219. But to lay the foundation for this peculiar relief there must of course be a substantial compliance with all material requirements of the law. Phillips on Mech. Liens, sec. 16 and cases; *G. S. L. & P. R. R. Co. v. Harris,* 12 Colo. 226.

The statute in force at the time of these proceedings (sec. 2140, G. S.) required the lien-claimant to file a "statement" or notice with the clerk and recorder of the county where the land was situate, containing among other things "an abstract of indebtedness showing the whole amount of debt, the whole amount of credit, and the balance due, or to become due, to the claimant." In the case at bar the notice contains no such abstract; it wholly fails to state the account; it names neither the total amount of debt nor the total amount of credit; it makes no attempt in any way to show the debits or credits; it merely states the balance claimed to be due. Moreover, more than one-third of this alleged balance represents an item for which no lien could be allowed under the statute. We shall assume that appellee, by including this item, was not guilty of bad faith either in

fact or in law, and that his act constituted an innocent mistake, which would not *of itself* destroy the lien. Phillips on Mech. Liens, sec. 355. Nevertheless it might deceive, and is a serious additional imperfection in the notice.

We do not speculate concerning the purpose of the legislature in requiring that the notice contain this abstract. Whatever such purpose may have been, it is sufficient for us that the statute was thus written and that its language is free from ambiguity. The doctrine of liberal construction is not broad enough to cover such defects as the one in question. There is not a substantial compliance with the statute. Stating a balance due can hardly be regarded even as an attempt to give the abstract of indebtedness required. And this is especially true where a large part of the alleged balance arises from an account for which no lien could be decreed. Phillips on Mech. Liens, sec. 357 and cases cited.

Counsel for appellee seeks to avoid the effect of the omission in question by claiming that appellants could not have been deceived or misled thereby. When there has been a substantial compliance with the statute, mistakes that do not tend to deceive parties interested may be overlooked. But the consideration that there is in a given case an absence of resulting injury in fact cannot supersede or dispense with the material steps designated as a condition precedent to the lien; if it could, liens might be maintained in many cases without filing any "statement" whatever; for it will sometimes happen that the parties interested are in possession otherwise of all facts to be stated in the notice, including the intention to claim a lien.

But the facts in the case at bar, as well as the law, do not support counsel's premises. During the period of appellee's service under his employment, which employment was by Cannon, the property changed hands twice. The first of the three owners, the Denver Coal Company,

was not made a party to the original suit, nor to the proceeding by cross-complaint; the second owner was appellant Cannon; the third owner, who held title at the time of trial, was appellant Dounce. Cannon does not appear to have been Dounce's agent in mining and marketing coal. The referee reports that after Dounce purchased, Cannon continued to work "the mine for his own benefit, with the knowledge of Dounce, though Dounce was not interested pecuniarily in such mining operations." The due-bills resulting from the settlement between appellee and Cannon, prior to the filing of the notice in question, were in Cannon's name alone, and apparently exclusively on his own behalf. Under these circumstances, this settlement, without other proofs, cannot be regarded as putting Dounce in possession of the facts relating to the debits and credits constituting appellee's account. Thus the settlement, which is the main reliance of counsel in support of his proposition that Dounce could not have been misled or prejudiced by the defective notice, fails to perform the function assigned it.

Under the mechanic's lien law of 1872, and the lien laws enacted during the succeeding ten years, the foregoing conclusions would probably require a dismissal of the cross-complaint. For the money judgment then shared the fate of the lien. *Barnard, Adm'r, v. McKenzie, supra; Hart et al. v. Mullen,* 4 Colo. 512.

But the lien statute of 1883, under which the parties to this litigation acted, contained the following: "Each party who shall establish his claim under this act shall have a judgment against the party personally liable to him for the full amount of his claim so established, and shall have a lien established and determined in said decree upon the property to which his lien shall have attached to the extent hereinbefore stated" (G. S. sec. 2155); also, "The practice under this act shall be in accordance with the Code of Civil Procedure of the state of Colorado." G. S. sec. 2161.

Giving these provisions a liberal construction we must

regard them as modifying the preceding statutes; and a departure from the view announced in the decisions mentioned is accordingly rendered necessary. Such legislative action, while in accord with the principles of the reformed procedure, tends also to promote substantial justice. The pecuniary recovery is based upon a judicial investigation of all matters that would be pertinent in an ordinary action at law; a multiplicity of suits is avoided; and it will hardly be claimed that injury follows because the court, as a chancellor, determines the amount of plaintiff's recovery. Besides, the special finding of a jury may be invoked upon the question of damages, as in other equity cases.

The foregoing construction is in harmony with the policy of present legislation upon this feature of the subject in hand. The act now in force places the right to a personal judgment for the sum due, though the lien itself fail beyond possible controversy. Session Laws 1889, p. 252, sec. 11.

The decree recognizing the lien upon the premises referred to is reversed; but the judgment against Cannon for $1,822.66 will not be disturbed. The cause is remanded with directions to dismiss the proceedings so far as the mechanic's lien is concerned, but to issue execution for collection of the debt as in the case of money judgments recovered through ordinary actions at law.

Decree reversed.

MR. JUSTICE HAYT (dissenting). I concur with that portion of the foregoing opinion in which it is held that the mechanic's lien cannot be maintained, but dissent from the views expressed upon the other branch of the case. In my judgment, upon the failure of the appellee to establish a lien, the entire proceedings should have been dismissed. This rule has been repeatedly announced by this court, and ought not to be now departed from unless changed by positive legislative enactment. *Jensen v. Brown,* 2 Colo. 694; *Barnard, Adm'r, v. McKenzie,* 4

Colo. 251; *Hart et al. v. Mullen*, 4 Colo. 512; *Mining Co. v. Finch*, 6 Colo. 214; *Greeley, S. L. & P. R'y Co. v. Harris*, 12 Colo. 226. Such change was made at the last session.[1] See Session Laws of 1889, sec. 11, p. 252. This cause had been tried and determined in the courts below, however, prior to this amendment, and, of course, cannot be affected thereby.

I discover nothing in the language quoted in the majority opinion from sections 2155 and 2161, General Statutes, that permits the entry of a personal judgment unless the lien be first established. I am of the opinion that the amendment of 1889 referred to was enacted for the sole purpose of making this change. If the prior statute permitted a personal judgment without a lien, this amendment of 1889 was unnecessary. I think it was necessary, and that the only authority for such judgment is derived therefrom. As this case is not affected by the act of 1889, the entry of a personal judgment against Cannon was improper, and this part of the judgment should also be reversed.

---

[1] By the insertion of the following provision: "If, on trial of a cause under the provisions of this act, the proceedings will not support a lien, the plaintiff or plaintiffs may proceed to judgment as in an action on contract, and execution may issue as in such cases provided, and said judgment shall have all the rights of a judgment in a personal action."