HANNA, PLAINTIFF IN ERROR, v. THE COLORADO SAVINGS BANK ET AL., DEFENDANTS IN ERROR.

1. MECHANICS' LIEN.

The right of mechanics and others to a lien and the remedy for enforcing it are purely statutory, and the sufficiency of a complaint to foreclose it can be tested only by statutory provisions.

2. STATUTORY CONSTRUCTION—PLEADING.

While the statute giving liens to mechanics and others should be liberally construed in favor of those entitled to invoke it, such facts should be stated in the complaint as show a full compliance with its provisions and that the plaintiff has a claim that he has a legal right to enforce.

3. LIENS—RIGHTS OF ASSIGNEE.

A lien is given to those who shall do work or furnish material by contract, express or implied, with the owner. But the assignee of a laborer's claim can recover only by alleging and proving a specific sum due his assignor by reason of labor performed under a contract, and that by virtue of the assignment he succeeded to it.

4. NOTICE OF LIEN.

A statement filed by one claiming to be the assignee of numerous demands which sets forth the aggregate amount of indebtedness, but does not show the balance due with respect to each separate claim, is defective and insufficient.

*Error to the District Court of Arapahoe County.*

ON the 9th of March, 1889, John J. Reithman leased to one William L. Smith, lots 17, 18, 19 and 20 in block 231 in the city of Denver for a term of five years. Smith associated with himself as a partner one C. M. F. Bush, Jr., and erected a building upon the property known as The Metropolitan

Theater Building.   In order to erect the building, Smith and Bush borrowed large sums of money from The Colorado Savings Bank (a defendant in error), for which they made their promissory notes for various amounts maturing at different dates, drawing interest at 7 per cent, such notes aggregating $10,600; to secure which they executed a trust deed upon the leasehold interest and the building to T. B. Stuart as trustee ; also a chattel mortgage upon the personal property contained in the theater building.   The mortgagors in the trust deed covenanted to pay all taxes when due and to keep the property insured for benefit of mortgagees in an adequate amount.   On the 28th of March, 1890, The Colorado Savings Bank commenced proceedings to foreclose, alleging default in every particular to date, asking the appointment of a receiver, and that the property be sold in satisfaction, etc. Other parties claiming liens or interests were made codefendants.   This brief statement is deemed sufficient for an understanding of the subsequent proceedings.   On the 2d day of November, 1889, Mary E. C. Van Ham, claiming as assignee of a large number of claims for labor done upon the premises, caused the following paper to be filed for record in the office of the county clerk :

"To John J. Reithman, William Lockhart Smith, The Metropolitan Theater Company, and to all whom it may concern :—

"Know ye, that Mary E. C. Van Ham, wishing to avail herself of the provisions of an act approved April 18th, 1889, entitled,

"An Act to amend an act, entitled An Act to secure liens to mechanics and others, and to repeal all other acts in relation thereto, approved March 2d, 1883 ; hereby does make the following statement of lien and claim therefor, and property to be affected thereby :

"First.—That the name or names of the owner or owners of such property to be charged with the lien are: John J. Reithman, William Lockhart Smith, The Metropolitan Thea-

ter Company, and if there are others they are unknown to the claimant.

" Second.—That the name of the person claiming the lien is Mary E. C. Van Ham. That the names of the persons who performed the labor for which the lien is claimed are : "

Here follows a list of 127 names, several being the surnames only, the christian names being left blank.

" That each and every one of .aforesaid persons who performed the labor for which said lien is claimed for valuable consideration to them and each of them in hand paid by Mary E. C. Van Ham, and the further consideration of said claimant agreeing to enforce, and for the purpose of the enforcement of such lien, did each severally assign, in writing, his claim and lien, together with all the rights and remedies of assignors, unto Mary E. C. Van Ham, the above claimant.

" That the last item of work done, or labor performed by the persons who performed the labor for which the said lien is claimed was done and performed on the 23rd day of September, A. D. 1889, by each of them. That the name of the first contractor is ———.

" Third.—That the property to be charged with such lien is described as follows :—

" All the lots numbered seventeen (17), eighteen (18), nineteen (19), and twenty (20) in block numbered two hundred and thirty-one (231), East division of the city of Denver, in the county of Arapahoe, and state of Colorado, together with all the buildings and improvements thereon.

"Fourth.—That the total amount of indebtedness on which said lien is claimed for the labor performed, is forty-two hundred and forty-one dollars and sixty-eight cents ; that there are no credits thereon, and that the balance due the claimant is forty-two hundred and forty-two dollars and sixty-eight cents.

WILLIAM YOUNG,
" Agent for Mary E. C. Van Ham, Claimant."

Verification.

On the 27th day of March, 1890, Van Ham commenced a

suit to enforce a mechanics' lien.   On the 9th day of October, 1890, while such suit was pending and undetermined, Van Ham assigned to J. R. Hanna, plaintiff in error, who on the 20th day of November, 1890, filed an amended complaint of great length, embodying in full the document or statement of Van Ham above set out.   Such amended complaint no further defined or described the original claims of which the aggregate amount of Van Ham was made up, and showed no further compliance with the statute upon the part of Van Ham or anyone else.   The only change or modification of the original allegations was that the amount of $4,241.68 stated by Van Ham in complaint was not correct, that the proper amount was $3,187.50.   To this complaint a joint demurrer of The Metropolitan Theater Company, Thomas B. Stuart, Frank K. Atkins and J. J. Joslin was filed.   There was also a demurrer filed by A. H. Andrews & Co., and A. C. Fischer. Several grounds of demurrer were set out in each, yet they are very nearly identical in legal effect.   All may be said to be, that the complaint does not state a cause of action under the statute.   The demurrers were sustained and the supposed lien held void as against the mortgage liens.

Mr. E. KEELER and Mr. WILLIAM YOUNG, for plaintiff in error.

Mr. J. H. DENNISON, Mr. R. B. STEVENS, Mr. T. B. STUART and Messrs. BENEDICT & PHELPS, for defendants in error.

REED, J., after stating the facts, delivered the opinion of the court.

Only one question is to be determined, viz., the sufficiency of the complaint.   Mary E. C. Van Ham brought suit to enforce a lien aggregating $4,241.68 for labor performed by 127 different persons, alleging that each individual claim had been by the claimant assigned to her.   A list of the names is incorporated, several of them being a surname only, the

christian name being omitted. There are no accounts stated or data by which the amount of each individual claim can be ascertained, or showing how the aggregate amount was made up. The right of plaintiff in error is based upon an alleged assignment to him of the claim of Van Ham, while her suit was pending and undetermined. After the assignment to plaintiff, he filed an amended complaint in which the original complaint of Van Ham is embodied in full and made a part. There is no amendment made to the original causes of action, as stated in the Van Ham complaint, except that in that the aggregate amount due Van Ham is stated to be $4,241.68, and in the amended complaint of plaintiff, after setting out the assignment of the cause of action to him, he states that the aggregate amount due is not $4,241.68, but is $3,187.50, for which he asks a lien. In this, as in the Van Ham complaint, no items are given to make the aggregate, and although no payments had been made the aggregate is reduced over $1,100, without showing how the reduction was affected. Although in the Van Ham complaint it is alleged that the individual claims were assigned in writing as required by statute, no form of the assignments is given by which the regularity could be determined, and if written assignments were made in each instance, it is rather surprising that even the name of the assignor was not known. The right to a lien and the remedy for enforcing it are purely statutory, and the sufficiency of the complaint can only be tested by its provisions and requirements.

It is hardly necessary to say that while a statute of the character in question should be liberally construed in favor of those who have the right to invoke its aid, the remedy granted being special and entirely dependent upon the statute, its requirements must be complied with, and such facts stated in the complaint as show full compliance, and show that the party has a claim that he has a legal right to enforce. *Decker v. Myles*, 4 Colo. 566 ; *San Juan etc. Co. v. Finch*, 6 Colo. 214 ; *Greeley Co. v. Harris*, 12 Colo. 226 ; *Cannon et al. v. Williams*, 14 Colo. 21.

The provisions of the statute are as follows:

"Whoever shall do any work or furnish any material by contract, express or implied, with the owner of any land, his agent or trustee, for the construction, enlargement, alteration, or repair of any building or other structure upon such land, or in making any other improvements or in doing any other work upon such land, as stated in the following sections, shall have a lien upon such land, building, structure or other improvement for the amount and value of the work so done or material so furnished. * * * For the purpose of this act the term 'work' shall be deemed to include labor of every kind, whether skilled or unskilled; and for said purposes, except when otherwise indicated, any person having an assignable, transferable or conveyable interest or claim in or to any land, building, structure or other property mentioned in this act, shall be deemed an owner. Any person rendering personal services for wages or otherwise, or by the use of machinery, teams or otherwise, shall be deemed a contractor or sub-contractor of either degree as the case may be, as well as any person doing work by the job or piece." 2 Mills Ann. Stat., pp. 1609–10, § 2867.

"Any person wishing to avail himself of the provisions of this act shall file for record, in the office of the county recorder of the county wherein the property to be effected (affected) by the lien is situated, a statement containing:

"First.—The name or names of the owner or owners of such property, or in case the owner or owners be not known to him, a statement to that effect.

"Second.—The name of the person claiming the lien, the name of the person who furnished the material or performed the labor for which the lien is claimed, and the name of the contractor, when the lien is claimed by a sub-contractor or by the assignee of a sub-contractor, or in case the name of the contractor is not known to him, a statement to that effect.

"Third.—A description of the property to be charged with the lien sufficient to identify the same.

"Fourth.—A statement showing the total amount of the

indebtedness, the credits thereon, if any, and the balance due such claimant. Such statement shall be signed and sworn to by the party claiming such lien, or by some person by him authorized, to the best knowledge and belief of the affiant. In case two or more persons claim an interest in the same lien, it shall be sufficient for one of such persons, or some other person in their behalf, to verify such statement, and the signature of any such affiant to any such verification shall be a sufficient signing of the statement. In order to preserve a lien for work performed or material furnished by a subcontractor there must be served upon the owner of the property, his agent or trustee, at or before the time of filing with the county clerk and recorder the statement above provided for, a copy of such statement. If neither the owner nor any agent of the owner can be found in the county where the property is situated, an affidavit to that effect shall be filed with the aforesaid statement." 2 Mills Ann. Stat., pp. 1617–18, § 2876.

By sec. 2888 it is provided: "Any number of persons claiming liens and not contesting the claim of each other may join as plaintiffs in the same action, and when separate actions are commenced the court may consolidate them upon motion of any party or parties in interest or upon its own motion."

Before any attempted assignment there must have been 127 individual claims, capable of being made causes of action, varying in amounts, which, by an assignment in writing, could be aggregated, and after trial have been made an aggregated judgment. Yet upon trial each of the 127 individual causes of action would have to be established. In the language of the statute each is a "claimant" and each must comply with the law, and the defendant has a legal right to contest each separate and individual claim, although in the hands of the assignee. An aggregated judgment may be entered as the result of the findings of the individual claims. Each of the 127 claims must be regarded and tried as a separate suit; hence, defendants by the complaint should have been inform-

ed of the claim of each, and the balance due, so as to enable them to answer and contest each individually.

Assignees taking by virtue of an assignment could take no greater rights than their assignors had, viz., a right to assert and enforce the lien. When an assignee declares himself entitled to an amount as an aggregate sum resulting from 127 assigned, without giving any amounts making the aggregate or due any individual, the defendant could only answer and contest the aggregate as claimed by the assignee instead of the claims of the claimants who had a right to invoke the statute. This view is fully sustained by the statute, and must, of necessity, be adopted; otherwise, defendants would be absolutely precluded from defending against the original claimant, asserting his right to a statutory lien for labor alleged to have been performed.

By the language of the statute, the lien is given to those " who shall do any work or furnish any material, *by contract, express or implied*, with the owner," etc. There is no privity between the assignee and the owner, and the assignee could only recover by alleging and proving a specific sum due his assignor by reason of labor performed under a contract, and that by virtue of the assignment he succeeded to it.

This view is sustained by *Cannon v. Williams*, 14 Colo. 21, where it is said, " The doctrine of liberal construction is not broad enough to cover such defects as the one in question. There is not a substantial compliance with the statute. Stating a balance due can hardly be regarded even as an attempt to give the abstract of indebtedness required."

In *Keystone Co. v. Gallagher*, 5 Colo. 23, it is said:—" The demands of the lien claimants are several in their nature and in the mode of their enforcement. Each files his separate statement as the statute requires; each presents his separate petition to enforce the lien, and therein sets out his particular cause of action. * * * Each claim so presented is, in its nature, a several and distinct action, but in order to avoid a multiplicity of writs, sales and costs, and to prevent preferences among lien claimants, * * * all the claims may

be heard and determined in, nominally, one proceeding adjudicated at one time, and enforced under one decree." See, also, *Power v. McCord*, 36 Ill. 214.

We conclude that the judgment of the court sustaining the demurrers was correct. No cause of action whatever was shown. The aggregate amount in the hands of the assignee was not within the statute; no other was attempted to be pleaded.

*Affirmed.*