Reed, J.,
after stating the facts, delivered the opinion of the court.
Only one question is to be determined, viz., the sufficiency of the complaint. Mary E. C. Van Ham brought suit to enforce a lien aggregating $4,241.68 for labor performed by 127 different persons, alleging that each individual claim had been by the claimant assigned to her. A list of the names is incorporated, several of them being a surname only, the *32 Christian name being omitted. There are no accounts stated or data by which the amount of each individual claim can be ascertained, or showing how the aggregate amount was made up. The right of plaintiff in error is based upon an alleged assignment to him of the claim of Van Ham, while her suit was pending and undetermined. After the assignment to plaintiff-, he filed an amended complaint in which the original complaint of Van Ham is embodied in full and made a part. There is no amendment made to the original causes of action, as stated in the Van Ham complaint, except that in that the aggregate amount due Van Ham is stated to be $4,241.68, and in the amended complaint of plaintiff, after setting out the assignment of the cause of action to him, he states that the aggregate amount due is not $4,241.68, but is $3,187.50, for which he asks a lien. In this, as in the Van Ham complaint, no items are given to make the aggregate, and although no payments had been made the aggregate is reduced over $1,100, without showing how the reduction was affected. Although in the Van Ham complaint it is alleged that the individual claims were assigned in writing as required by statute, no form of the assignments is given by which the regularity could be determined, and if written assignments were made in each instance, it is rather surprising that even the name of the assignor was not known. The right to a lien and the remedy for enforcing it are purely statutory, and the sufficiency of the .complaint can only be tested, by its provisions and requirements.
It is hardly necessary to say that while a statute of the character in question should be liberally construed in favor of those who have the right to invoke its aid, the remedy granted being special and entirely dependent upon the statute, its requirements must be complied with, and such facts stated in the complaint as show full compliance, and show that the party has a claim that he has a legal right to enforce. Decker v. Myles, 4 Colo. 566; San Juan etc. Co. v. Finch, 6 Colo. 214; Greeley Co. v. Harris, 12 Colo. 226; Cannon et al. v. Williams, 14 Colo. 21.
*33 The provisions of the statute are as follows:
“ Whoever shall do any work or furnish any material by contract, express or implied, with the owner of any land, his agent or trustee, for the construction, enlargement, alteration, or repair of any building or other structure upon such land, or in making any other improvements or in doing any other work upon such land, as stated in the following sections, shall have a lien upon such land, building, structure or other improvement for the amount and value of the work so done or material so furnished. * * * For the purpose of this act the term ‘ work ’ shall be deemed to include labor of every kind, whether skilled or unskilled; and for said purposes, except when otherwise indicated, any person having an assignable, transferable or conveyable interest or claim in or to any land, building, structure or other property mentioned in this act, shall be deemed an owner. Any person rendering-personal services for wages or otherwise, or by the use of machinery, teams or otherwise, shall be deemed a contractor or sub-contractor of either degree as the case may be, as well as any person doing work by the job or piece.” 2 Mills Ann. Stat., pp. 1609-10, § 2867.
“ Any person wishing to avail himself of the provisions of this act shall file for record, in the office of the county recorder of the county wherein the property to be effected (affected) by the lien is situated, a statement containing.:
“ First. — The name or names of the owner or owners of such property, or in case the owner or owners be not known to him, a statement to that effect.
“ Second. — The name of the person claiming the lien, the name of the person who furnished the material or performed the labor for which the lien is claimed, and the name of the contractor, when the lien is claimed by a sub-contractor or by the assignee of a sub-contractor, or in case the name of the contractor is not known to him, a statement to that effect.
“ Third. — A description of the property to be charged with the lien sufficient to identify the same.
“ Fourth. — A statement showing the total amount of the *34 indebtedness, the credits thereon, if any, and the balance due such claimant. Such statement shall be signed and sworn to by the party claiming such lien, or by some person by him authorized, to the best knowledge and belief of the affiant. In case two or more persons claim an interest in the same lien, it shall be sufficient for one of such persons, or some other person in their behalf, to verify such statement, and the signature of any such affiant to any such verification shall be a sufficient signing of the statement. In order to preserve a lien for work performed or material' furnished by a subcontractor there must be served upon the owner of the property, his agent or trustee, at or before the time of filing with the county clerk and recorder the statement above provided for, a copy of such statement. If neither the owner nor any agent of the owner can be found in the county where the property is situated, an affidavit to that effect shall be filed with the aforesaid statement.” 2 Mills Ann. Stat., pp. 1617-18, § 2876.
By sec. 2888 it is provided: “ Any number of persons claiming liens and not contesting the claim of each other may join as plaintiffs in the same action, and when separate actions are commenced the court may consolidate them upon motion of any party or parties in interest or upon its own motion.”
Before any attempted assignment there must have been 127 individual claims, capable of being made causes of action, varying in amounts, which, by an assignment in writing, could be aggregated, and after trial have been made an aggregated judgment. Yet upon trial each of the 127 individual causes of action would have to be established. In the language of the statute each is a “ claimant ” and each must comply with the law, and the defendant has a legal right to contest each separate and individual claim, although in the hands of the assignee. An aggregated judgment may be entered as the result of the findings of the individual claims. Each of the 127 claims must be regarded and tried as a separate suit; hence, defendants by the complaint should have been inform *35 ed of the claim of each, and the balance due, so as to enable them to answer and contest each individually.
Assignees taking by virtue of an assignment could take no greater rights than their assignors had, viz., a right to assert and enforce the lien. When an assignee declares himself entitled to an amount as an aggregate sum resulting from 127 assigned, without giving any amounts making the aggregate or due any individual, the defendant could only answer and contest the aggregate as claimed by the assignee instead of the claims of the claimants who had a right to invoke the statute. This view is fully sustained by the statute, and must, of necessity, be adopted; otherwise, defendants would be absolutely precluded from defending against the original claimant, asserting his right to a statutory lien for labor alleged to have been performed.
By the language of the statute, the lien is given to those “ who shall do any work or furnish any material, by contract, express or implied, with the owner,” etc. Thére is no privity between the assignee and the owner, and the assignee could only recover by alleging and proving a specific sum due his assignor by reason of labor performed under .a contract, and that by virtue of the assignment he succeeded to it.
This view is sustained by Cannon v. Williams, 14 Colo. 21, where it is said, “ The doctrine of liberal construction is not broad enough to cover such defects as the one in question. There is not a substantial compliance with the statute. Stating a balance due can hardly be regarded even as an attempt to give the abstract of indebtedness required.”
In Keystone Co. v. Gallagher, 5 Colo. 23, it is said: — “ The demands of the lien claimants are several in their nature and in the mode of their enforcement. Each files his sep.-ir rate statement as the statute requires; each presents his separate petition to enforce the lien, and therein sets out his particular cause of action. * * * Each claim so presented is, in its nature, a several and distinct action, but in order to avoid a multiplicity of writs, sales and costs, and to prevent preferences among lien claimants, * * * all the claims may *36 be heard and determined in, nominally, one proceeding adjudicated at one time, and enforced under one decree.” See, also, Power v. McCord, 36 Ill. 214.
We conclude that the judgment of the court sustaining the demurrers was correct. No cause of action whatever was shown. The aggregate amount in the hands of the assignee was not within the statute; no other was attempted to be pleaded.
Affirmed.